**Angelo D. Mistretta, et al., Plaintiffs-Appellants, v. Village of River Forest, Defendant-Appellee.**

**Gen. No. 50,739.**

First District, Second Division.

December 6, 1966.

 █ 

Sidney Z. Karasik and Paul Peter Black, of Chicago, for appellants.

Charles L. Michod, of Chicago, for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal is from a declaratory judgment action to change the zoning of the appellants' property, under the zoning ordinance of the Village of River Forest, from a single-family dwelling classification to that which would permit multiple-family apartment use. Appellants' theory of the case is that the restriction of their property to single-family use is an arbitrary and unreasonable classification in view of its location and the nearby surrounding uses, and that, by virtue of this classification the appellants were deprived of the highest and best use of their property.

The subject property is a vacant, unimproved parcel of land, rectangular in shape, fronting on the west side of Forest Avenue, River Forest, 50′ by 180′, comprising 9,000 square feet.

To its north, the subject property abuts a strip of land 125 feet in north-south depth, fronting on North Avenue and extending east and west along North Avenue from

Thatcher Avenue to Forest. This tract, which is zoned "C" (business) is a segment of a longer business zone which runs east and west along the south side of North Avenue (the northern corporate boundary of the Village) from the Des Plaines River on the west (the western boundary) to Harlem Avenue on the east (the eastern limit). Abutting the appellants' lot is a town house development consisting of five buildings which occupy the northwest corner of Forest and North Avenues.

Directly across the street from the appellants' lot there is a single-family residence that has been converted to two-family use and a three-unit apartment building. Appellants' lot is located in a single-family "A" zone area and the lot, on its south, is contiguous to a solid residential area with many homes in the $75,000 to $130,000 class.

There are no commercial uses directly east of the subject property, (although there are commercial uses on North Avenue to the northeast) for three-fourths of a mile nor within one and a half miles south of the subject property. All the land within this area one and a half miles south and three-fourths of a mile east of the subject lot is improved with residential dwellings and with schools and parks. West of the subject lot to the Village limits the land is zoned "A" single-family use, and the only building west of the lot is used as a garage for a single-family dwelling located on North Avenue. The commercial instrusion nearest to the subject lot in River Forest is the Paddle Wheel Restaurant at the southeast corner of North and Thatcher, a block from the Mistretta lot.

The Zoning Board of Appeals in River Forest in September, 1964 determined in its report that an amendment reclassifying the real estate to multiple-family use should not be granted. Some of the reasons the Zoning Board of Appeals gave for unanimously recommending that the application be denied were that, (1) an apartment use

48

would depreciate in value the single-family residences to the south of the subject property; (2) granting the amendment would add an extra load to municipal services, such as sewer and water, and would aggravate an already congested traffic picture on Forest Avenue; (3) the subject property was zoned for single-family use in 1922 when the original zoning ordinance was adopted in River Forest, and in 1959, when the zoning was restudied and a new zoning ordinance was adopted, no change was made in the zoning of the subject property; (4) the appellant, Angelo D. Mistretta, a resident of the Village and an attorney, either knew or should have known that the property was zoned for single-family use when he purchased it; (5) no evidence was produced which would tend to show that the change in zoning was required for the public good.

 The law on this subject is pellucid. The Illinois Supreme Court has said on many occasions that zoning ordinances are presumed to be valid. Gregory v. City of Wheaton, 23 Ill2d 402, 178 NE2d 358; Galpin v. Village of River Forest, 26 Ill2d 515, 187 NE2d 233; Cities Service Oil Co. v. Lake County, 26 Ill2d 176, 186 NE2d 265. In Exchange Nat. Bank v. Village of Niles, 24 Ill2d 144, 180 NE2d 462, the Supreme Court in refusing to zone certain property for multiple-family use in a single-family zoned area, said at page 147:

> "The relevant factors in determining the validity of a zoning ordinance are familiar, as are the governing legal principles, and they need not be restated. Dominant among these principles is the repeated doctrine that a zoning ordinance is presumed to be valid and that the burden is upon the person who attacks its validity to establish by clear and affirmative evidence that it is arbitrary. The courts will not overrule the decisions of the municipal authorities where the reasonableness of the classification

is debatable. Elmhurst National Bank v. City of Chicago, 22 Ill2d 396."

It is the contention of the appellants on this appeal that the findings and judgment of the trial court are against the manifest weight of the evidence. As they state the proposition in their brief, "Thus, the continuity of the apartment belt breaks abruptly at Forest Avenue and cuts off at the plaintiffs' east lot line. The arbitrary and discriminatory aspect of the zoning of plaintiffs' property is instantly highlighted by the lack of any apparent justification for the failure of the 'B' belt to continue on across the plaintiffs' property to the western terminus of the Village, just as the 'C' belt does."

The factors that are taken into account in determining the validity of a given zoning are as well established as the presumption of validity of the zoning classification; the extent to which the value of the subject property is diminished by the limitations; the extent to which the removal of the limitation would depreciate the value of other property in the area; the suitability of the property for the zoned purposes; existing uses and zoning of nearby property; the length of time under the existing zoning that the property has remained unimproved, considered in the context of land development in the area; the relative gain to the public as compared to the hardship imposed on the individual property owner; and the extent to which the ordinance promotes the health, safety, morals or general welfare of the public. No one of these factors is controlling, but each must receive due consideration. LaSalle Nat. Bank v. County of Cook, 12 Ill2d 40, 145 NE2d 65; Hartung v. Village of Skokie, 22 Ill2d 485, 177 NE2d 328.

At the hearing on the petition for a declaratory judgment to change the zoning of the subject property, testimony was presented by appellant, Angelo D. Mistretta, that he had purchased the lot in question for $16,000 with the purpose of constructing an apartment

50

building of up to ten units. He stated that at the time he purchased the lot, he did not know what the zoning was for the lot, although he was a resident of the Village and a practicing attorney. Julius V. Czochara, a realtor and appraiser, also testified on behalf of appellants. Czochara stated that the property as zoned was worth approximately $16,000, but that it would be worth around $35,000 if rezoned so that an apartment building could be constructed on the site, and that the construction of the proposed apartment building would have a very slight effect on the residential area to the south, or on traffic conditions.

Don C. Shafer, a city planning consultant, testified for the Village. Shafer stated that, "My opinion is that this piece of property can be clearly used for a single family use. My opinion is based on the fact that in no place in the Village of River Forest, do you see any evidence of where a commercial zone or a multiple zone is clearly wedged into a residential area, and particularly so with the property that abuts the subject site to the north. There is a very definite line, and I wish to stress this definite line of land use, which are the town houses. . . . If this (encroachment into the residential area) was permitted for other than single-family use, this would be a clear invasion of a foreign type of land use, particularly multiple into a very high class residential area." The witness also stated that the proposed building would be objectionable as to the use of school, public streets, and would affect utilities, sewers, water, traffic and parking.

Alfred T. Savino, E. A. Arnesen, Joseph J. Archibald, John J. Cogan, and Martin C. Hausman, all residents in the immediate area, testified that they had bought their homes in reliance on the single-family zoning restriction, and some of them stated that they believed that the construction of an apartment building would lower the value of their property.

51

 We reiterate that the zoning function is primarily the province of the municipal body. Absent some showing of arbitrariness, caprice, or lack of relation to the public morals, safety and welfare, we will not disturb the legislative action of the municipality. Nor where there is room for a legitimate difference of opinion concerning the reasonableness of an ordinance governing the use of private property or where such question of reasonableness is fairly debatable, will we disturb the decision of the municipality. Trust Co. of Chicago v. City of Chicago, 408 Ill 91, 96 NE2d 499; Cities Service Oil Co. v. Lake County, supra.

 While it is true that the appellants' property would be worth more if the property was rezoned, that is the case in nearly every zoning case in which the use of land is restricted, and is only one of the several factors to be considered. First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 130 NE2d 267; People ex rel. Alco Deree Co. v. City of Chicago, 2 Ill2d 350, 118 NE2d 20. Although, in this case there was no testimony that the best use of this property was for single-family dwelling, there was testimony that the erection of an apartment building would lower the value of the residences to the south and would place an added burden on the sewer, utilities and water in the area. On the basis of this testimony we cannot say that the action of the Village of River Forest was capricious or arbitrary. For that reason we hold that the appellants have failed to sustain the burden of overcoming the presumption of validity of the zoning ordinance in question.

The judgment of the trial court is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.