Lion Specialty & Properties, Inc., a Corporation, Plaintiff-Appellant, v. City of Chicago Zoning Board of Appeals, 320 Parking, Inc., et al., Defendants-Appellees.

Gen. No. 53,082.

First District.

March 21, 1969.

Rothschild, Hart, Stevens & Barry, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Joseph N. Lascaro, Assistant Corporation Counsel, of counsel), Holleb, Mickelson & Gerstein, and O'Brien, Heywood and Evans, of Chicago (Stuart H. Glicken and Donald J. O'Brien, Jr., of counsel), for appellees.

STOUDER, J.

This is an appeal from a judgment of the Circuit Court of Cook County entered in an administrative review proceeding which judgment approved and confirmed an order of the City of Chicago Zoning Board of Appeals.

Upon application therefor and after notice and hearing, the Chicago Board of Zoning Appeals on August 25, 1967, granted a special use to 320 Parking, Inc. with respect to the premises located at 1–21 North Franklin Street

and 226–234 West Madison Street, Chicago, Illinois, for the purpose of locating and erecting a nine-level, self-parking facility thereon. Plaintiff, Lion Specialty & Properties, Inc., was duly notified of the application for special use, appeared at the hearing and after entry of the order approving such special use, filed its complaint in the Circuit Court of Cook County under the Administrative Review Act seeking to reverse the order of the Chicago Zoning Board of Appeals.

The complaint for review alleges in paragraph one the entry of the order granting the special use as heretofore described. In paragraph two it is alleged that the plaintiff, being the owner of the immediately adjacent premises improved with an office building, was affected by the order. Paragraph three alleges that the decision of the Zoning Board was improper because one, it was not in accord with the law and the facts, two, plaintiff was denied due process of law and three, the Board refused plaintiff an opportunity to submit evidence, limited plaintiff's right of cross-examination and conducted an ex parte examination of City Officials who did not testify at the hearing.

The Chicago Board of Zoning Appeals duly filed the record in the cause together with its answer which merely asked that the complaint for review be dismissed and that the order of the Board be approved. LaSalle National Bank as Trustee, and 320 Parking, Inc., filed an answer admitting the allegations of paragraphs one and two of the complaint but denying the allegations of paragraph three thereof.

Pursuant to the petition of LaSalle National Bank as Trustee, the trial court set the matter for hearing on its merits for October 25, 1967, at 2 p. m. Immediately thereafter the plaintiff moved the trial court to continue the final hearing to a later date and in the motion the plaintiff also requested permission to take certain depositions. Hearing on the motion was successively postponed

because of the absence of the trial judge until the morning of October 25, 1967, at the hour of 9 a. m., being the same date but at an earlier time than the case had been set for hearing on its merits. On the morning of October 25, 1967, the trial court heard arguments in favor of and in opposition to plaintiff's motion for continuance and for leave to take depositions. The trial court denied the plaintiff's motion for continuance and for leave to take depositions. The trial court denied the plaintiff's motion and the propriety of such ruling is not questioned on this appeal. However after disposing of the motion, the trial court proceeded to approve the order of the Zoning Board of Appeals without, as alleged on this appeal by the plaintiff, holding any hearing thereon or permitting arguments with reference thereto.

On appeal to this court plaintiff's only assignment of error is that the trial court failed to hold a hearing on the complaint for review as required by the Administrative Review Act, Ill Rev Stats 1967, c 110, section 274 (§ 11).

Defendant, in support of the judgment of the trial court, argues that plaintiff's complaint for review was wholly insufficient to warrant review by the trial court. Further, according to defendant, plaintiff was accorded an adequate hearing and in any event, plaintiff has failed to show that its rights were prejudiced by the trial court's action which is required before reversal of the trial court's action is justified.

The first question which we will consider is defendant's assertion that plaintiff's complaint for review under the Administrative Review Act is insufficient and because of such insufficiency plaintiff lacks any standing in this court to complain of the trial court's action.

The sufficiency of the complaint was not challenged by defendant in the trial court by either motion or answer and accordingly the initial question is whether this issue is appropriately raised for the first time on review.

Although defendant relies on Rosenfeld v. Zoning Board of Appeals, 19 Ill App2d 447, 154 NE2d 323, and a quotation therefrom, we believe that both the quotation and the conclusions of the court in Rosenfeld are contrary to the position asserted by defendant. In Rosenfeld the court stated, "Plaintiffs, however, must plead (Winston v. Zoning Board of Appeals of Peoria County, 407 Ill 588, 95 NE2d 864) and prove (Moran v. Zoning Board of Appeals of City of Chicago, 17 Ill App2d 280, 149 NE2d 480; 222 East Chestnut St. Corp. v. Board of Appeals of City of Chicago, 14 Ill2d 190, 152 NE2d 465) their interest in maintaining this action. We think defendants have waived this objection to the complaint by not raising the question of plaintiffs' interest at the trial. Anson v. Haywood, 397 Ill 370, 380, 74 NE2d 489. They have not waived the point as to the proof." With respect to its observation that proof of the allegations could not be waived, the principal issue in the case, the court in Rosenfeld further observed that a complainant could not be expected to make such proof where the Administrative Board had not permitted evidence to be introduced in support thereof.

Section 45 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 45) provides "All objections to pleadings . . . be raised by motion" which "shall point out specifically the defects complained of, and shall ask for particular relief." Section 42 of the Civil Practice Act provides that "all defects in pleadings, either in form or substance, not objected to in the trial court are waived"; it also recites that "no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet."

The foregoing provisions recognize the salutory rule that controversies ought to be resolved on the basis of issues joined and further that where deficiencies in pleadings are claimed, a party ought to be permitted

to amend his pleadings to obviate such deficiency. Where the question of the insufficiency of a pleading is raised for the first time on appeal such opportunity to amend is lost and issues may be submitted for resolution which were not deemed of sufficient importance to be raised in the trial court. Accordingly, it appears that the rule to be applied is that such question will only be considered when the complaint fails wholly to state a cause of action and will not be considered when the allegations are merely defectively or imperfectly set forth. See Fisher v. Illinois Terminal R. Co., 350 Ill App 555, 113 NE2d 344; Grizzard v. Matthew Chevrolet, 39 Ill App2d 9, 188 NE 2d 59 and Boyle v. Veteran Hauling Line, 29 Ill App2d 235, 172 NE2d 512. Thus the issue is not whether a trial court would or should have granted a motion to strike or dismiss had the same been made, but whether the complaint wholly fails to set forth a cause of action.

■ We believe the complaint alleged substantially, although somewhat imperfectly, a basis for review of the Zoning Board decision and that defendant waived the deficiencies not asserted. Rosenfeld v. Zoning Board of Appeals, supra.

■ This brings us to plaintiff's only assignment of error, namely that it was not afforded a hearing as required by the Administrative Review Act. Section 274 (§ 11), c 110, Ill Rev Stats 1967, provides, "Every action to review any final administrative decision shall be heard and determined by the court with all convenient speed. The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." It is conceded that the decisions of the Chicago Zoning Board of Ap-

peals are reviewable under the terms of the foregoing section. Ill Rev Stats 1967, c 24 (Cities and Villages) § 11–13–13.

As indicated earlier, plaintiff's motion for continuance and to take depositions was denied by the trial court on the morning of October 25, 1967. Thereafter the following ensued, (Barry, counsel for plaintiff and Glicken, counsel for defendant): "Mr. Barry: Do I understand, your Honor, we are proceeding with the hearing this afternoon at 2:00 o'clock? The Court: What is to be heard? I read the record. The Board of Appeals, the Zoning Authority, I don't know anything, they ruled and in accordance with the evidence. . . ." At this point the argument was resumed on the motion and the motion was again denied. ". . . Mr. Barry: Pardon me, your Honor. You mean, we have a matter set this afternoon, do I understand your Honor's ruling that at this time without giving us an opportunity to be heard on the record? The Court: I read the record. Mr. Barry: Does your Honor consider your own responsibility in this regard to be merely read the record and rule? The Court: That is all. Mr. Barry: That is,—The Court: If they (had) evidence before them to justify the decision, there is nothing I can do about it, to substitute my judgment for their judgment. Mr. Barry: May we have a stay order and an appeal bond set? The Court: Sure. Mr. Barry: We will be in on a motion for that. The hearing, as I understand, set for 2:00 o'clock this afternoon now has been held, your Honor's ruling sustaining the Board? Mr. Glicken: Can we still have a hearing at 2:00 o'clock? The Court: What is to be heard? Mr. Barry: We had the hearing? The Court: I read the record. I approve the finding of the commission."

Plaintiff argues that on the basis of the foregoing, no hearing was held as required by the Administrative Review Act, section 274, supra. Plaintiff relies principally on Drezner v. Civil Service Commission, 398 Ill 219, 75

NE2d 303, which appears to be the only case dealing with the nature of the hearing in the trial court contemplated by the provisions of the Administrative Review Act.

In Drezner, review of a decision of the Civil Service Commission was had under provisions of the Administrative Review Act. As set forth in a quotation in the opinion, the hearing before the trial court was as follows: "The Court: What is this gentlemen? Mr. Thiesse: I wish to have this matter continued for a short time due to the fact that I am engaged. The Court: There is no need to put this over because, as I see the record, it is a question of whether to believe Drezner or the tavern owner as to the $20 bribe solicitation. The commission elected to believe the tavern owner and I am not going to disturb the ruling of the commission. Therefore, draw up your order sustaining the findings of the commission. Mr. Bulger: What will be the bond? The Court: Well, you gentlemen get together and figure that out for yourselves."

With respect to the hearing before the trial court as heretofore set forth, the court in Drezner declared, "There is another ground for reversal herein. The act provides for the procedure to be followed in obtaining a review of the administrative body's decision by the superior or circuit court. The act must be followed and its provisions are meant to be followed in entirety and not in any perfunctory manner. When the complaint was filed herein in the superior court, it was the duty of the judge in that court to hear the arguments and to review the proceedings thoroughly before making his decision. In this cause this was not done. The law requires something more than the statement found in the record here. The legislature did not intend that the act should be so lightly followed nor was it intended nor does the law allow a stamp of approval to be placed on the findings of an administrative agency merely because such

agency heard the witnesses and made the requisite findings."

We believe that the observations of the court in Drezner are equally applicable to the instant case and we can only conclude that plaintiff was not afforded a hearing as required by statute.

Defendant attempts to distinguish the instant case from the Drezner case, thereby implying that an adequate hearing was held. First, defendant asserts that in Drezner there is no indication that the trial court read or reviewed the administrative record. We find no basis for any such distinction. It appears from the quotation of the proceedings in the trial court in Drezner that the court had read the record since it knew in general the basis of the administrative order, i. e., conflicting testimony. Further, there is no indication that a trial court will have satisfied its duties in the reviewing of administrative decisions by merely reading the record. Secondly, defendant argues that in Drezner the Supreme Court did review the record of the administrative agency and found that it was unsupported by the evidence. It is true that in Drezner the Supreme Court considered the propriety of the ruling of the administrative agency on its merits but it is clear the Court considered the impropriety of the decision as an independent reason for reversing the action of the trial court. Thirdly, defendant asserts that the standard of proof required of the administrative agency in the Drezner case, namely "clear and convincing evidence" was different from the standard of proof required in the instant case "preponderance of the evidence." It is clear that neither the opinion nor the statute make any such distinction in the nature of the hearing required and the duty of a trial court to conduct a full and fair hearing is independent of the persuasive burden necessary to sustain the action of the administrative agency.

Defendant has devoted a large portion of his brief and argument to the propriety of the Board's order on the

apparent theory that notwithstanding the failure of the trial court to consider such arguments, reversal of the trial court's action is only warranted if we find the action of the Board improper. Since the propriety of the Board's action must be first determined by the trial court and the arguments with respect thereto directed to the trial court in the first instance, we believe the propriety of the Board's action is not before us and we express no opinion with respect thereto.

For the foregoing reasons the judgment of the Circuit Court of Cook County is reversed and remanded with directions to proceed in accord with the view expressed herein.

Judgment reversed and remanded with directions.

ALLOY and SCHEINEMAN, JJ., concur.