PAT URBAN *et al.*, Plaintiffs-Appellants, *v.* MADISON COUNTY BUILDING AND ZONING DEPARTMENT, Defendant-Appellee.

(No. 71-37;

Fifth District—December 1, 1972.

John W. Leskera, of Oehmke, Dunham, Boman & Leskera, of East St. Louis, for appellants.

No appearance for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

The plaintiffs filed suit in the Circuit Court of Madison County seeking administrative review of a ruling by the Zoning Board of Appeals denying plaintiffs' petition to rezone certain land from a residential use to a general manufacturing use. The Circuit Court affirmed the decision of the Board of Appeals, and plaintiffs have appealed. On appeal they contend that the decision of the Zoning Board of Appeals was against the

manifest weight of the evidence and that the zoning ordinance is unconstitutional as applied to the subject property. They also argue that the proceedings, findings and decision of the Board were violative of plaintiffs' right of due process and further that the Board failed to comply with certain statutory requirements concerning the conduct of their proceedings thereby rendering the proceedings null and void.

The facts of the case are essentially as follows: Plaintiff, Pat Urban, is an independent contractor providing school bus service for the Collinsville Unit 10 School District, and in connection therewith maintains a garage on his property where he stores and repairs his various school busses. Urban, under threat of competition and by virtue of the growing school enrollment, decided to expand his facilities and to this end negotiated an option-purchase agreement with Plaintiff, Charles Ebert, an adjoining landowner, under the terms of which Urban could immediately begin to utilize a portion of the property under option for his school bus garage facilities. It was then ascertained that Urban's property, whereon he maintains his garages, together with the land which he proposed to purchase from Ebert, was zoned R-1, residential use only. Disregarding this zoning classification, Urban expended approximately $6000 in making improvements on the Ebert property preparatory to employing the land for its intended use and only thereafter sought a building permit to construct a school bus garage thereon. Certain neighbors objected to the issuance of such a permit and a hearing ensued at which it was held that buildings used solely as school bus garages could be constructed in R-1 districts. As a result of this finding a limited permit was issued allowing Urban to use the land for storage of school busses. Urban, however, determined that a permit limited solely for such purpose would be unsatisfactory, and he therefore requested the Zoning Board of Appeals to grant him an unrestricted general manufacturing classification; that request was denied. Plaintiffs then appealed to the Circuit Court which order the Board to conduct a rehearing. Upon rehearing, the Board affirmed its original decision which decision was thereafter upheld by the Circuit Court. A subsequently motion for rehearing and modification was denied, and it is from that decision that plaintiffs now appeal.

■■■ We will consider first whether the decision of the Board of Appeals was against the manifest weight of the evidence. In considering this issue, certain established principles must be recognized. It is, of course, clear that a zoning ordinance is presumed to be valid and that an individual seeking to challenge the validity of such an ordinance must overcome this presumption by clear and convincing evidence. (*Lindgren v. City of Chicago*, 124 Ill.App.2d 289; *Western Terrace Building Corp. v. Village of Palatine*, 102 Ill.App.2d 116.) Furthermore, determination

of a zoning classification is a legislative rather than a judicial function, and the Court will not and cannot interfere with the legislative judgment and effectuate its own particular zoning policy where the reasonableness of the zoning is fairly debatable and is not disproved by clear and convincing proof. (*Bredberg v. City of Wheaton*, 24 Ill.2d 612; *The County of Lake v. MacNeal*, 24 Ill.2d 253; *Mistretta v. Village of River Forest*, 78 Ill.App.2d 46; *Manger v. City of Chicago*, 121 Ill.App.2d 358.) In this case we do not feel that the presumed validity of the zoning in question has been overcome by the prescribed quantum and quality of proof. Plaintiffs admit that the existing zoning for that area is residential but argue that there is a proposed industrial development park planned for some adjoining property, although the property in question is currently surrounded on all sides by residential developments, and that the whole residentially-zoned area is being only sparsely used for residential purposes, there having been only eight homes, including plaintiffs', erected thereon since 1939. There is no question, however, that the surrounding existing uses are uniformly residential, and we do not consider the lack of residential density to be a persuasive factor for obviously the underlying purpose of residential zoning can be fulfilled without creating a suburban housing development.

 Plaintiffs also allege that the land sought to be zoned is more valuable and would be put to its best use were it zoned N-2, general manufacturing, as requested. It has been recognized, however, that "[W]here the surrounding area has been put to residential use, and the subject property is suitable for such use, an ordinance restricting its use to residential purposes is not unreasonable merely because the land would have a higher value if zoned for more intensive uses." (*La Salle National Bank v. City of Evanston*, 24 Ill.2d 59, 63; *Bolger v. Village of Mount Prospect*, 10 Ill.2d 596.) Furthermore, it must be noted that Urban purchased the land in question and commenced improvements with full knowledge of the zoning restriction then in effect. Although Urban may not be estopped from seeking rezoning merely because of his prior knowledge of the zoning restriction, any hardship imposed by said zoning regulation is largely self-imposed, thereby placing him in a less favorable position to complain of the Board's failure to grant his request. (*Bright v. City of Evanston*, 57 Ill.App.2d 414, 433; *Moeller v. City of Moline*, 50 Ill.App.2d 379; *American National Bank and Trust Co. v. Chicago*, 30 Ill.2d 251.) Plaintiffs' position and argument are rendered even less tenable by virtue of the fact that Urban can provide the great public service claimed to be solely dependent upon the requested zoning under the existing zoning regulations. The special permit allows him to garage the busses on the property purchased and the non-conforming use

on his own property allows him to both store and service the busses thereon. It is apparent that under these circumstances plaintiffs have failed to demonstrate through clear and convincing evidence that the decision of the Zoning Board of Appeals was against the manifest weight of the evidence or that the zoning ordinance was unconstitutional as applied to the subject property, and we will not, therefore, interfere with the zoning plan conceived and enacted by the legislative body of the county.

■■ Plaintiffs also complain that at the original hearing upon the petition for rezoning, the only member of the Board of Appeals who was present was the chairman and that there was, therefore, a lack of a quorum rendering the decision null and void. This argument would be more persuasive had not the trial court ordered a rehearing in order to correct this and other deficiencies. Plaintiff, however, further claims that at the rehearing the same deficiency of lack of quorum was present. The rehearing was conducted on two dates. On the first date two of the Board members arrived late after the noon recess. Except for that brief period of time, there was a quorum present on that date and a quorum was present throughout the subsequent hearing conducted on the second date. The Administrative Review Act provides, "Technical errors in the proceedings before the administrative agency * * * shall not constitute grounds for the reversal of the administrative decision unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him." (Ill. Rev. Stat. 1969, ch. 110, par. 275.) The trial court here, in order to correct any possible injustice, ordered a rehearing, and we feel that in consequence of that hearing, plaintiffs had ample opportunity to present all evidence available to a duly convened Board, and that the alleged irregularity concerning the brief lack of quorum in the middle of a two-day hearing did not materially affect plaintiffs' rights nor result in injustice to them. The decision of the Circuit Court of Madison County is therefore affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.