CostON CHAPEL A.M.E. CHURCH, Plaintiff-Appellee, *v.* HARRY F. CHADDICK *et al.*, as Members of ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO, Defendants-Appellants.

(No. 56873; ▮▮▮▮▮▮)

First District—December 13, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel,) for appellants.

No appearance for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Coston Chapel A.M.E. Church, brought an action for administrative review against the Zoning Board of Appeals of the City of Chicago. The action was brought to reverse the Board's decision denying plaintiff's application for a building permit. The Circuit Court reversed the decision of the Zoning Board of Appeals and directed the Zoning Administrator to approve plaintiff's application for a special use. On appeal defendants contend that plaintiff failed to introduce evidence to prove that the proposed use will meet the standards specified by the zoning ordinance for the issuance of a special use.

The application for a "special use" permit concerns the premises located at 3821-23 West Cermak Road, Chicago, and requests that plaintiff be allowed to erect a church and community center. The property in question is zoned under the Chicago Zoning Ordinance as Cl-2, restricted commercial district. Under the ordinance a church is permitted use in certain residential districts, R-1 to R-8. However, a church is not permitted use in Cl-2 restricted commercial districts, but is designated as a special use which may be allowed only pursuant to certain variation provisions of Article 11 of the ordinance. Municipal Code of Chicago 1970, ch. 194A, par. 11-10-4, Chicago Zoning Ordinance.

The hearing before the Board of Appeals produced the testimony of the lone witness, Reverend Hymie Rayford. She testified that a church and child care center was needed. During the hearing, the Board of Appeals pointed out that there were many churches in the area.

The report of the Commissioner of Development and Planning for the City of Chicago stated that there was a one-story brick auto repair garage occupying half of the subject block.

The Board of Appeals, in denying the application for a "special use" found:

> "[t]hat the proof presented indicates that there are many established churches within the area; that there was no evidence that a church at this location is necessary for the public convenience; that the area is improved with mixed commercial business and residential uses; that the improvements are old; that the erection of a new church building within 100 feet of a commercial automobile garage in a block that is zoned for commercial use is not in the public interest, * * *."

Defendants contend that plaintiff has failed to introduce evidence sufficient to warrant the granting of a "special use". Specific standards governing the granting of a "special use" are found in section 11-10-4 of the Chicago Zoning Ordinance (Municipal Code of Chicago 1970, ch. 194A, par. 11-10-4), which states that "no special use shall be granted by the

Zoning Board of Appeals unless the special use: (1)a. Is necessary for the public convenience at that location; b. Is so designated, located and proposed to be operated that the public health, safety and welfare will be protected; and (2) Will not cause substantial injury to the value of other property in the neighborhood in which it is to be located; and  *  *  * (4) Such special use shall conform to the applicable regulations of the district in which it is to be located."

■■ An applicant for a "special use" has the burden of proving that the proposed use will meet all of the standards required by the ordinance. *Allen v. Board of Appeals of City of Chicago*, 118 Ill.App.2d 376, 381, 245 N.E.2d 840.

■■ Our study of the record and examination of the accompanying exhibits forces us to the conclusion that plaintiff's proof failed to satisfy the ordinance requirements. The decision of the Board of Appeals was dictated by plaintiff's failure to meet its burden of proof in regard to meeting all the ordinance standards. The judgment of the Circuit Court of Cook County is therefore reversed and the cause remanded with directions to enter judgment affirming the Board of Appeals' denial of plaintiff's application for a special use.

Reversed and remanded with directions.

DIERINGER, P. J., and BURMAN, J., concur.