EDNA R. TAYLOR *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF PEORIA *et al.*, Defendants-Appellees.

(No. 74-203; )

Third District—August 7, 1975.

Cassidy, Cassidy & Mueller and Vonachen, Cation, Lawless, Trager & Slevin, both of Peoria (Jack Cassidy, of counsel), for appellants.

Michael Mihm, State's Attorney, of Peoria (James O. Christy, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment in favor of the defendant (called County or defendant) entered by the circuit court of Peoria County, Illinois. The case was tried by the court without a jury. Appellants were plaintiffs below (called plaintiffs) and this is an action for judgment declaring a section of the Peoria County Zoning Ordinance unconstitutional as applied to plaintiffs' property.

The plaintiffs, Edna and Harry Taylor, are the owners of 28.195 acres of real estate located in Peoria County. The remaining plaintiffs are optionees of the land in question. The option is contingent upon the use of the foregoing property as a mobile home park and the amount that will be realized by the Taylors if the option is exercised will be

substantially more than the fair market value under present restrictions.

The subject real estate is classified as A-Agricultural under the Peoria County Zoning Ordinance. Plaintiffs' intended use is for a mobile home park as a "special use" under the ordinance which provides:

"Special uses are hereby defined to be those uses in the various zoning districts which, because of their unique characteristics, cannot be properly classified in any particular district without special hearings before the Zoning Board for additional consideration of each case to determine the impact of that use upon neighboring land and to determine the desirability for the public welfare of that use in the particular location."

The ordinance further provides that "special uses" are only authorized "after the findings of fact and recommendations of the Zoning Board have been adopted by the County Board." Section 30-21(c) of the ordinance prescribes criteria and declares that "No special use shall be recommended by the Zoning Board unless it shall find," *inter alia*:

"1. That the Mobile Home Park will not be detrimental to public health, safety, morals, comfort or welfare and will not be injurious to the enjoyment and value of surrounding properties.

2. That the foregoing use will not impede development of surrounding property and that adequate utilities, roads, drainage and means of ingress and egress will be provided."

The plaintiffs applied for use of the property as a mobile home park under the foregoing ordinance. Earlier they had obtained an agreement from the village of Brimfield concerning their intended use of the property. The agreement contemplates the annexation of the property to the village and requests the reclassification of the property by the County Board for use as a mobile home park.

The property consists of 28.22 acres and lies nine-tenths of a mile east of Brimfield, Illinois. There are only two or three residents within a radius of 1 mile—the closest being one-half mile away. To the south and southwest is a 7-acre mobile home park and a sewage disposal lagoon for the city of Brimfield. The lagoon is 8 to 10 acres in size. The other surrounding property consists of Interstate 74 and commercially zoned land either used, or intended for use, as gasoline service stations and restaurants. Tax impact and use feasibility studies were admitted into evidence without objection.

The plaintiffs filed a petition for a special use permit pursuant to the special use ordinance of Peoria County in order to construct and operate a mobile home park on their land. After an extensive hearing concerning the merits of the petition, the Peoria County Zoning Board of Appeals recommended denial of the petition for a special use, making special

findings as to why it made this recommendation. Pursuant to this recommendation, the County Board denied the petition for a special use permit. The plaintiffs then brought this declaratory judgment action seeking to have the zoning ordinance as applied to their property and its proposed use declared unconstitutional. The trial court upheld the validity of the ordinance and it is from such judgment that this appeal follows.

■■ The parties are in general agreement concerning the applicable principles. A zoning ordinance in its application is a legislative function and courts are not concerned with the wisdom of the legislative action or inaction. (*Urban v. Madison County Building & Zoning Department,* 8 Ill.App.3d 775, 290 N.E.2d 324.) The constitutionality of a statute or its application by a governmental body is presumed valid, unless shown by its challengers to be unconstitutional through clear and convincing evidence. (*Hedrich v. Kane County,* 117 Ill.App.2d 169, 253 N.E.2d 566.) If the reasonableness of the zoning ordinance or its application presents a fairly debatable question, then the court cannot interfere with the legislative judgment. *Urban v. Madison County Building & Zoning Department,* 8 Ill.App.3d 775, 290 N.E.2d 324.

On the other hand, the standard is that the denial of a special use permit must bear a real and substantial relation to the public health, safety, morals or general welfare. (*Pioneer Trust & Savings Bank v. County of McHenry,* 41 Ill.2d 77, 241 N.E.2d 454.) The criteria to be considered in determining whether the applicable restrictions of a zoning ordinance bear a reasonable relationship to the public welfare or are arbitrary and unreasonable have been set forth at length in such cases as *Hartung v. Village of Skokie,* 22 Ill.2d 485, 177 N.E.2d 328. In the instant case there is little dispute concerning the reasonable inferences to be drawn from the facts and with the exception of the testimony of Donald Irving and Carl Jensen, presented by the defendant, all of such factors support the propriety of the use of the premises sought by the plaintiffs.

At the hearings before the County Board of Zoning Appeals a letter from Donald Irving, executive director of the Tri-County Planning Commission, was received and considered by the Board. According to the letter the proposed use as a mobile home park was unacceptable and several reasons were suggested in support of the conclusion. At the hearing before the circuit court of Peoria County Irving was called as a witness by the defendant. His testimony in part is as follows:

"Q. Now, you stated that you found the site acceptable, is that correct?

A. For a mobile home park location, yes.

Q. Now, how do you make that determination?

A. A consideration of the surrounding land uses, the availability

of the necessary utilities to support that against site of development, the adequacy of access to the site.

Q. And regarding those qualifications, you found nothing detrimental?

A. No.

Q. You found no—there would be—the development as proposed would cause no hardship on any individual land owners?

A. That's right.

Q. Did you find that there would cause any decrease in valuations of land to individual land owners thereby?

A. Not particularly."

Thus Irving's testimony, apparently changing his previous position and his opinion rather than supporting the maintenance of the restriction, supported the claim of plaintiffs that the use of the premises ought not be prohibited under any proper zoning purpose. In explanation of the witness' change of position it appears the plaintiffs' plans originally submitted to the Tri-County Planning Commission did not include proposals for or possible methods of handling storm-water drainage. However, such plans and proposals were included and described by the plaintiffs' witnesses and consequently the principal reason for recommending against the proposed use by the Planning Commission no longer existed. This aspect of the evidence illustrates one of the procedural problems in our present zoning practices. The court is not reviewing the action of the Zoning Board of Appeals as an administrative agency or the action of the County Board with respect to evidence or facts which it considered but must base its decision on the evidence presented in the court. Thus the findings of the Zoning Board of Appeals are not evidence in the case and whether such findings were or were not supported by evidence considered by the Board is irrelevant. So far as the testimony of Irving is concerned it offers no support for the defendant's position that the issue was debatable and hence within the legislative discretion of the County Board.

The remaining witness of the defendant was Carl Jensen, superintendent of the Brimfield Community Unit School. His testimony in part is as follows:

"Q. So it would be your opinion, Mr. Jensen, that if this mobile home—this proposed mobile home development, if this were developed, would it be your opinion that you would have an an acute problem, crowding problem in your classrooms?

[Colloquy omitted.]

A. As of today, we have 450 students. Four of the rooms have 30 children each in them. That is supposedly the maximum num-

ber, and probabilities are if we had more children coming, some of these overloaded ages would get more children.

Q. So would it be your opinion then that you would have acute overcrowding problem, should this mobile home development be actually developed and this projected influx of students coming in from there?

A. Yes."

In *Lakeland Bluff, Inc. v. County of Will*, 114 Ill.App.2d 267, 252 N.E.2d 765, a case quite similar on its facts, the court held a county zoning ordinance invalid as applied to the plaintiff's property where a special use for a mobile home park was sought. The court in *Lakeland* observed, "Apparently, one of the major reasons that Will County refused to rezone the property when first requested may have been the feeling that the development would possibly cause an increase in local government costs for schools * * *." (114 Ill.App.2d 267, 278.) Additionally the court noted:

"Such considerations, however, could not be a justifiable basis for rejecting an appropriate use of the property (*First Nat. Bank of Skokie v. Village of Skokie*, 85 Ill.App.2d 326, 339, 229 N.E.2d 378). In the *Skokie* case, the court pointed out that on the simple economics of the issue, it is obvious that if future developments were limited to commercial or industrial enterprises, there would be more tax money without the addition of any school children; that the fiscal position of the school board would be strengthened but only at the cost of circumventing the reason for having schools. We do not believe that such consideration should be a basis for rejection of a request for rezoning or usage which is consistent with the general objectives of the zoning ordinance." (114 Ill.App.2d 267, 278-79.)

We are persuaded the foregoing principles are equally applicable to the case at bar. The testimony of the school superintendent did not raise any debatable issue sufficient to justify the applicability of the zoning ordinance to plaintiffs' property. Accordingly, we hold that such ordinance is invalid as applied to plaintiffs' property and their proposed special use thereof.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and this cause is remanded for entry of judgment in favor of the plaintiffs in accord with the views expressed in this opinion.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.