DEAN VASILOPOULOS, Plaintiff-Appellant, *v.* ZONING BOARD OF APPEALS *et al.,* Defendants-Appellees.

(No. 60260;

First District (4th Division)—November 26, 1975.

Klein, Thorpe, Kasson & Jenkins and Leonard Bosgraf, both of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County affirming two decisions of the Zoning Board of Appeals, denying special use and variation applications submitted by Dean Vasilopoulos, the plaintiff. The sole issue raised is whether the Board's decision is against the manifest weight of the evidence.

The facts indicate that Dean Vasilopoulos, a restaurateur whose family is the owner of the beneficial interest in the subject property, filed two applications, one for a special use for the subject property as a parking lot, and the other for a variation from the front yard requirements of the zoning ordinance. He sought permission to utilize the subject lot for off-street parking for patrons of the Skylark Restaurant located at 7134 West Higgins Road. Plaintiff pointed out that approval of the application would ease heavily congested vehicular parking problems at and around the subject site since present facilities are inadequate to provide needed parking space, and that he would probably surface, drain, and fence in the subject area upon approval of the application.

The subject property is a vacant, improved, irregularly shaped tract of land, with a width that varies from 51 to 17 feet east to west, and fronts the west side of Neva Avenue between Higgins and Gregory. The property is bounded on its south side by a public alley, and directly south of the alley is the Skylark Restaurant which has its primary frontage on the north side of Higgins Road. Higgins has commercial develop-

ments on both sides for approximately 1 mile. North of the subject property, on the west side of Neva, are four 60-year-old houses. On the east side of Neva, across from the subject property and north of the public alley between Higgins and Gregory, are private residences. To the west of the subject property is a public alley between Neva and Harlem, and immediately west of the public alley is a public parking lot which extends west to Harlem, north to Gregory and south to an alley. The subject property is located in an R2 single-family residential district.

On June 27, 1973, the Zoning Board of Appeals held a hearing and the following witnesses testified. Plaintiff testified that his restaurant, the Skylark, could serve 150 people, that he had 15 to 18 employees on a full-time shift, and that he needed the parking space to ease parking congestion.

James Foley, a real estate expert who examined the subject property, testified that there is a considerable amount of traffic on Neva and that there is little or no parking with the exception of the parking lot to the west of the subject property. In his opinion, the highest and best use of the subject property would be for a parking lot in connection with the Skylark Restaurant, since there is a general need for a parking facility to accommodate the restaurant and to give some relief to the already aggravated parking situation. He did not feel that the proposed use would have a depreciatory or deleterious effect because the parking lot would lessen the intensity of the problem. The witness testified that the lot would not generate traffic but would reduce it to a minor degree, and, if he had a choice, as a prospective purchaser, between a house next door to the proposed lot and one down the block, he would purchase the one down the block.

Mr. Sundby, a resident, submitted petitions signed by property owners and copies of two letters and testified that he was opposed to the lot because he felt the owner would increase the size of the lot and that the establishment of a parking lot would have a deleterious effect on the value of his property which is across the street from the proposed site.

Another resident, Mr. Schwartz, testified that he had lived on Neva for 15 years and would like to maintain the residential nature of the neighborhood.

The Zoning Board found that the introduction of a parking lot with a driveway into a street improved with single-family residences is not in the public interest and could cause substantial injury to the value of other property in the neighborhood and denied the petition. The Board also denied the application for a variance since the denial of the special

use application nullified the need for the variation requested in the application.

Plaintiff then filed a petition for administrative review alleging that the decision of the Board was not in accordance with the law. A hearing was held on January 10, 1974, and the trial court reviewed the record and listened to counsels' arguments. Then the court affirmed the decision of the Board and found that the decision was fully supported by the evidence.

■■ The Zoning Board of Appeals has a twofold purpose: in one instance it acts in a quasi-judicial capacity as a reviewing administrative agency, and in the other as a legislative committee acting in an advisory capacity. (*Beaven v. Village of Palatine* (1959), 22 Ill.App.2d 274, 279, 160 N.E.2d 702; also see *Taylor v. County of Peoria* (1975), 30 Ill.App.3d 685, 333 N.E.2d 726.) When the Board acts in a quasi-judicial capacity, it is reviewable as final administrative action, but if it acts as a legislative committee, its recommendations are not so reviewable. (*Fitzpatrick v. City of Springfield* (1973), 10 Ill.App.3d 317, 320, 293 N.E.2d 712; *Artz v. Commercial National Bank of Peoria* (1970), 125 Ill.App.2d 86, 87, 259 N.E.2d 813; *Camardo v. Village of La Grange Park* (1965), 61 Ill.App.2d 302, 309, 210 N.E.2d 16.) Here, we are called upon to review the validity of an administrative act: the denial of plaintiff's special use and variation applications. The question is whether the findings and order are against the manifest weight of the evidence (*Coston Chapel A.M.E. Church v. Chaddick* (1972), 9 Ill.App.3d 321, 323, 292 N.E.2d 215), and only questions raised before the zoning board may be considered. *Lion Specialty & Properties, Inc. v. City of Chicago Zoning Board of Appeals* (1969), 107 Ill.App.2d 354, 359, 247 N.E.2d 30.

The plaintiff contends that the proper standard to be used by a court, when it is reviewing the denial of a special use, is whether the use bears a real and substantial relation to the health, safety, morals, or general welfare, and he cites *Pioneer Trust & Savings Bank v. County of McHenry* (1968), 41 Ill.2d 77, 241 N.E.2d 454, as authority for his position. However, in that case the court stated that it had never decided that the absence of a public necessity for a proposed special or conditional use is alone a sufficient ground to justify denial of the permit. We are in complete agreement with *Pioneer Trust* and, therefore, will look to other standards. The standards specifically delineated in paragraph 11.10—4 of the Chicago Zoning Ordinance (Municipal Code of Chicago 1973, ch. 194A, par. 11.10—4) will be used to determine if the denial was proper. The Municipal Code provides in pertinent part that:

"No special use shall be granted by the Zoning Board of Appeals unless the special use:

(1) a. Is necessary for the public convenience at that location;
b. Is so designed, located and proposed to be operated that the public health, safety and welfare will be protected; and

(2) Will not cause substantial injury to the value of other property in the neighborhood in which it is to be located; * * *."

■■ The first question to be resolved is whether the special use is necessary for the public convenience at that location. Plaintiff contends that there is a substantial need for the parking lot because adequate parking does not exist. We agree that parking is inadequate in the area; however, it is important to note that the parking lot will be small, and that there will be space for only six or seven cars. With a restaurant that can accommodate 150 patrons and has 15 to 18 full-time employees, the parking lot will hardly alleviate parking congestion in the area. We doubt if the parking lot will provide adequate parking for the plaintiff and his employees and we see no way that any benefit will inure to the public. Therefore, we hold that the special use, if granted, would not be for the public convenience but for the personal convenience of plaintiff and his staff.

Plaintiff next argues that the special use is so designed, located, and proposed to be operated that the public health, safety, and general welfare will be protected. We find this argument to be without merit since the proposed improvements and the money invested will in no way enhance or protect the public welfare.

■■ The final question to be resolved is whether the special use will cause substantial damage to the value of other property on Neva. Plaintiff argues that the proposed parking lot will have no depreciatory or deleterious effect on property in the area. The Zoning Board of Appeals found that the introduction of a driveway into a street improved with single-family residences could cause substantial injury to the value of other property in the neighborhood. A lighted parking lot, open until 1 or 2 a.m., will cause continual discomfort and annoyance to residential neighbors. Even plaintiff's expert admitted that he would prefer a house at the end of the block rather than one next to the proposed parking lot. Moreover, a parking lot on a residential street certainly takes away from the aesthetic beauty of the area. We think that the construction of the parking lot will make houses on Neva less desirable as homes and will cause a diminution in their value.

■■ Finally, we must consider the Zoning Board's denial of the variance application. Defendant argues that plaintiff failed to raise the issue in his brief and refers us to Rule 341(e)(7) (Ill. Rev. Stat. 1971, ch. 110A, § 341(e)(7)) which provides in pertinent part:

"Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."

We have closely reviewed the plaintiff's brief and there is no reference to the variance issue. Since points not argued or briefed are waived (*Werdell v. Turzynski* (1970), 128 Ill.App.2d 139, 148, 262 N.E.2d 833; *People v. Adams* (1969), 113 Ill.App.2d 276, 287, 252 N.E.2d 65), we see no reason why that rule should not be followed in this case.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.