Buster CLARY, Appellant,

v.

OKLAHOMA CITY, a Municipal Corporation, Appellee.

No. 47306.

Supreme Court of Oklahoma.

March 4, 1975.

Jerome H. Blumenthal, Oklahoma City, for appellant.

Walter M. Powell, Municipal Counselor, Ronald V. Collier, Asst. Municipal Counselor, Oklahoma City, for appellee.

DAVISON, Justice:

This is an appeal by Buster Clary, plaintiff below, from a judgment in favor of City of Oklahoma City, defendant, denying plaintiff any relief in his suit to enjoin the defendant City from enforcing the provisions of a zoning ordinance by the terms of which plaintiff's city lot was included in an "A Single Family Dwelling District." Plaintiff's further prayer was for authorization to construct a building to be used for "E Local Commercial" purposes. Plaintiff's immediate intention was to operate a retail antique shop in his residence on the platted lot.

Plaintiff had initially made application to the Planning Commission to change the zone classification from "A Single Family" to "E Local Commercial." The Planning Commission recommended that the application be denied and the City Council did deny the application. Plaintiff then sought relief from the Board of Adjustment by way of a variance to permit commercial use of his home. That agency granted the variance. The City appealed to the District Court and the Court reversed and remanded the matter to the City Council, which denied the application.

Plaintiff then instituted the action which is the subject of this appeal. Plaintiff alleged inter alia, that the existing "A" Single Family classification and the enforcement thereof were arbitrary, unreasonable and capricious actions. The trial court, in denying plaintiff any relief, found the issues to be "fairly debatable" and the evidence insufficient to establish that the city zoning ordinance was arbitrary, capricious and unreasonable.

It is well settled that if the validity of the legislative classification for zoning purposes is "fairly debatable," the legislative judgment must be allowed to control. Also, it is the duty of the courts, when a municipal zoning ordinance is challenged, to determine whether the passage of the ordinance is an arbitrary, unreasonable and capricious exercise of the police power. This determination is made by applying the "fairly debatable" rule. McNair v. City of Okl. City, 490 P.2d 1364, 1367 and City of Tulsa v. Mobley, Okl., 454 P.2d 901.

In actions of this kind we look beyond the findings and conclusions of the trial court and consider the basic physical facts appearing in the record to ascertain whether the reasonableness of the ordinance is "fairly debatable." City of Tulsa v. Mobley, supra.

The record reflects that plaintiff had owned the city lot and residence about eleven years, had lived in it about two or three years, then rented it, and had again lived in it for about two years preceding trial of the suit. He had built on a den 14 feet by 17 feet, with fireplace, and had enclosed the garage for the purpose of using it as a retail antique shop.

The dimensions of the lot are not shown in the record, but it appears from a map of the area that it is about the size of an ordinary residential lot, and is described as Lot 1, Block 41, Hillcrest Heights Country Club Addition to Oklahoma City, being 2101 S.W. 71st Street. The lot is located on the northwest corner of S. W. 71st Street and South Pennsylvania Avenue. The map covers an area from S. W. 59th Street on the north, to what is referred to as S. W. 74th Street, or Southwest Ex-

pressway on the south, and for some distance south of the Expressway. It reflects the areas to the east and to the west of Pennsylvania Avenue for a distance of about one to three ordinary city blocks. The described areas are platted into lots, blocks and streets.

South of plaintiff's property (on the west side of Pennsylvania), and in the following order, are, (1) Southwest 71st Street, (2) the north half of Block 42, zoned "A Residential-Single Family," (3) a 6 foot masonry wall extending east and west along the south side of the north half of Block 42 and the southwesterly boundary of Block 41, erected by agreement as a physical barrier when property further south was improved as a shopping center, (4) an irregular area, zoned "D Residential-Multi Family," (5) a large shopping center, zoned "E Local Commercial." E Local Commercial zoning permits retail sales.

East of plaintiff's property (east side of Pennsylvania Avenue) are areas zoned other than "A" Residential-Single Family. These areas extend south and are in the following order, (1) the northeast corner of S.W. 71st Street and Pennsylvania (about three lots wide), zoned D-1 Restricted Commercial, on which an office building (obviously one-story) for a doctor's clinic is being constructed, (2) an area directly south across S.W. 71st Street and three lots wide, also zoned "D-1" Restricted Commercial, occupied by a one-story office building, (3) an area across S. W. 72nd Street, zoned "D-1" Restricted Commercial, occupied by offices of a Savings & Loan Company. "D-1" Restricted Commercial zoning does *not* permit retail sales. And, (4) a large area zoned "E" Local Commercial, which of course, permits retail sales.

The remainder of the area shown on the map, north a distance of about eleven blocks to S. W. 60th Street, is zoned "A" Residential-Single Family, and further north to S. W. 59th Street are areas zoned "E" Local Commercial, "D-1" Restricted Commercial, and one small tract zoned "D" Residential-Multi Family.

In the extensive area zoned "A" Residential-Single Family there is one lot, located at S. W. 69th and Pennsylvania, that has been granted a variance for a home occupation of making ceramics, but, as we understand the record, cannot properly have retail sales there.

Plaintiff testified, and there appears to be no dispute, that Pennsylvania Avenue was a heavily traveled thoroughfare, with a variety of small and large vehicles. He testified the street was noisy and there was a lot of litter. There was testimony on behalf of plaintiff to support his request for a change in zoning based on other zoning, supra, and the good location of the lot for an antique shop.

Defendant's evidence was that use of the property shown on the map was in accordance with the zoning, with perhaps the one exception above described, and that the existing zoning and land use patterns in the area was one of the best in Oklahoma City. Defendant produced eleven property owners from the block in which plaintiff's property was located and from the block south of plaintiff, whose testimony and stipulated testimony was that their neighborhood was well kept and a desirable residential area.

■ The proceeding now under consideration is characterized as equitable in nature. We apply the appellate review rule generally applicable to cases of equitable cognizance and have examined the record to ascertain from the basic physical facts whether the findings of the trial court are against the clear weight of the evidence. City of Tulsa v. Mobley, supra. The findings of the trial court appear to be in accord with the basic physical facts. We conclude that the judgment is not against the clear weight of the evidence.

The judgment of the lower court is affirmed.

All Justices concur.