R. W. GARRETT, Appellant,

v.

The CITY OF OKLAHOMA CITY, a municipal corporation, Appellee.

No. 50923.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 10, 1978.

Rehearing Denied Nov. 2, 1978.

Released for Publication by Order of Court of Appeals Feb. 8, 1979.

---

4. 12 O.S. 1971 § 2.

William F. Collins, III, McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for appellant.

Walter M. Powell, Municipal Counselor by Barry L. Babcock, Asst. Municipal Counselor, Oklahoma City, for appellee.

NEPTUNE, Presiding Judge.

Plaintiff landowner appeals from a judgment denying him any relief in his suit to enjoin defendant city from enforcing zoning regulations that limit the use of his property to uses permitted under "single family dwelling district" zoning. The trial judge found that the property had no particular use zoned as a single family dwelling district, but held that the city's refusal to zone it as a "restricted light industrial district," for which plaintiff had applied, was not an arbitrary and capricious decision, and therefore refused relief.

■ We hold that the relief sought by plaintiff—enjoining the city from enforcing single family dwelling district regulations against the property—does not depend upon a finding that the city acted arbitrarily and capriciously in denying the specific zoning sought. The incidental pursuit of what plaintiff contends to be the appropriate zoning category is the lesser aspect of plaintiff's action. The principal thrust of his suit is that the applicable zoning classification does not rest upon a reasonable factual foundation and therefore the ordinance is unreasonable as to this particular property and void as to it.

■ Because the record conclusively shows an absence of a reasonable foundation for zoning the lot within the single family dwelling district, the ordinance is unreasonable and void as to this particular lot. Enforcing the ordinance so zoning the

lot would be arbitrary and capricious because the facts support but one nondebatable conclusion—that the applicable zoning is not based upon a reasonable factual foundation. *Lakewood Development Co. v. Oklahoma City*, Okl.App., 534 P.2d 23 (1975).

Our conclusion does not empower us to determine what the specific zoning classification should be. Zoning is purely a legislative function vested in the municipal legislatures. Rezoning and refusal to rezone are also legislative functions. *Gregory v. Board of County Comm'rs*, Okl., 514 P.2d 667 (1973). Judicial review of the municipal legislative act is provided to correct arbitrary, unreasonable, or capricious decisions by the city. *City of Tulsa v. Nicholas*, Okl., 415 P.2d 917 (1966). This judicial function does not include the legislative function of determining the appropriate land use and assigning a specific zoning category to the subject property. Assumption of that function would make the courts the ultimate planning commission performing legislative acts. Clearly, such approach is inappropriate. Nothing in this division of powers, however, disables the courts from enjoining enforcement of void zoning. The trial court, upon the basis of the undisputed evidence and his commensurate finding that there was no factual foundation for including the lot in a single family dwelling district, was authorized and obligated to enjoin the city from enforcing single family zoning regulations against the property. Persons aggrieved by a zoning ordinance may challenge such ordinance by seeking injunctive relief. *O'Rourke v. City of Tulsa*, Okl., 457 P.2d 782 (1969).

Issuance of an injunction is largely discretionary with the trial court, and its refusal to grant injunction will not be disturbed on appeal unless there is an abuse of discretion or the judgment rendered is clearly against the weight of the evidence. *Smilie v. Taft Stadium Bd. of Control*, 201 Okl. 303, 205 P.2d 301 (1949).

We hold that the refusal of the trial court to enjoin the city from enforcing single family dwelling district regulations against the lot in question was an abuse of discretion.

The judgment of the trial court is reversed with directions to render judgment in favor of plaintiff-appellant granting the injunctive relief sought.

Reversed with directions.

BACON and BRIGHTMIRE, JJ., concur.