**R. W. GARRETT, Appellee,**

v.

**CITY OF OKLAHOMA CITY, a Municipal Corporation, Appellant.**

**No. 50970.**

Supreme Court of Oklahoma.

May 8, 1979.

McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for appellee.

Walter M. Powell, Municipal Counselor and Lucia Todd Allen, Asst. Municipal Counselor, Oklahoma City, for appellant.

DOOLIN, Justice:

In February of 1975, plaintiff filed an application to the City Council of Oklahoma City (City) to rezone certain property from "A" Single Family to "D–1" Restricted Commercial. The subject property is located one lot west of Classen Boulevard on 43rd Street. Classen Boulevard, a major artery in Oklahoma City, is zoned largely "D–1" in that area, interspersed with "B" two family zoning and some "D" multiple dwelling.

City denied plaintiff's application and he sought an injunction from the district court to prevent City from enforcing the "A" zoning on this property. Upon hearing the district court found City's refusal to rezone the property to "D–1" was an unreasonable, arbitrary and capricious exercise of the police power. It enjoined the enforcement of the provisions of the single family dwelling ordinance insofar as the subject property was concerned, and authorized plaintiff to use the property as "D–1" commercial; City appealed. Court of Appeals affirmed. We granted certiorari under Rule 3.13 A.(3) finding the decision was contrary to *Garrett v. City of Oklahoma City, 49 OBJ 1917, 590 P.2d 1195 (Okl.App.1978)* an opinion by the Division 2, Court of Appeals.[1]

City confesses "A" single family probably is too restrictive zoning for this area. But it submits under the views expressed by the above Division 2 decision, trial court had no right to rezone the property to "D–1", this being a legislative, rather than a judicial function. City argues question of proper zoning should be submitted to City for reconsideration.

▉▉▉ There is no doubt persons aggrieved by a zoning ordinance may challenge said ordinance by seeking injunctive relief in the district court.[2] Zoning is a valid exercise of the municipal police power and a legislative function.[3] If the validity of the challenged zoning ordinance is "fairly de-

1. This decision held trial court's refusal to allow any relief from "A" zoning was error but refused to act in a legislative capacity by rezoning the subject property.

2. *O'Rourke v. City of Tulsa,* 457 P.2d 782 (Okl. 1969); *Gregory v. Board of County Commissioners of Rogers County,* 514 P.2d 667 (Okl. 1973).

3. *McNair v. City of Oklahoma City,* 490 P.2d 1364 (Okl.1971).

batable", legislative judgment must be allowed to stand.[4]

There is a presumption in favor of a municipal ordinance.[5] Unless City's decision not to rezone is found to be unreasonable, arbitrary or to constitute an unequal exercise of police power, its judgment should not have been overridden by the district court.[6] In actions of this kind this court must look beyond the findings and conclusions of the trial court and consider the basic physical facts appearing in the record to ascertain whether the reasonableness of the ordinance is "fairly debatable".[7]

In this case an examination of the record indicates the facts support a finding by the trial court that retention of the "A" single family dwelling classification by City was unreasonable as applied to subject property. We thus hold trial court correctly enjoined its enforcement. We do not agree, however, that the proper zoning of this property is not "fairly debatable". The question is not whether "D-1" zoning is against the clear weight of evidence, but whether finding of trial court that zoning is not "fairly debatable" is against the clear weight of the evidence.

Plaintiff offered testimony the highest and best use of the subject property would be commercial; a more restrictive zoning such as multiple or two family dwelling not being economically feasible. Defendant's testimony indicated the area was basically a solid mature neighborhood. A city planner testified City Planning Commission permitted "D-1" zoning for those lots fronting on Classen Boulevard only. For property west of these lots, not fronting on Classen, it encouraged a policy of residential use. Other lots in similar relationship in the area are zoned other than commercial, although there are some nonconforming parking lots. There was expert testimony "D-1" zoning of property not fronting on Classen was poor practice in that it permitted commercial encroachment into the residential neighborhoods. Evidence shows there is no commercial zone west of north-south alley parallel to Classen. This would be first intrusion into the immediate residential area.

In some instances this court has affirmed a trial court's imposition of a specific zoning classification where the record reveals such classification was not "fairly debatable" but rather the only reasonable zoning.[8] The instant record supports the finding restriction to single family dwelling is no longer practicable. It does not support finding anything less than "D-1" is too restrictive in nature or arbitrary and capricious.

We here hold trial court's order enjoining enforcement of single family dwelling zoning was not error. This does not necessarily mean it must be zoned "D-1". The only arbitrary and capricious act of City was attempting to retain residential zoning, not in denying "D-1". Even in face of plaintiff's testimony of the highest and best use being commercial, it remains "fairly debatable" whether property should be zoned multiple dwelling or some other category between residential and commercial.

In light of the conflicting evidence the legislative determination by City that the property should not be commercially zoned is "fairly debatable" and is not subject to disturbance by the courts.[9] Trial court's contrary finding is against clear weight of the evidence. When proper zoning is un-

4. id; also see *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

5. *Botchlett v. City of Bethany*, 416 P.2d 613 (Okl.1966).

6. id.

7. *Clary v. Oklahoma City*, 532 P.2d 1383 (Okl. 1975); *City of Tulsa v. Mobley*, 454 P.2d 901 (Okl.1969).

8. For example see *Fletcher v. Board of County Commissioners*, 285 P.2d 183 (Okl.1955); *City of Tulsa v. Swanson*, 366 P.2d 629 (Okl.1961); *City of Tulsa v. Nicholas*, 415 P.2d 917 (Okl. 1966); *City of Village v. McCown*, 446 P.2d 380 (Okl.1968).

9. *Preston v. City of Stillwater*, 428 P.2d 215 (Okl.1967).

clear it is City's function to rezone, not the trial court's.

We therefore affirm that portion of trial court's order enjoining the City from enforcing the "A" single dwelling zoning on the subject property. We reverse and remand with directions to trial court to vacate that portion of its order rezoning the property to "D–1".

LAVENDER, C. J., IRWIN, V. C. J. and WILLIAMS, HODGES, BARNES, SIMMS and HARGRAVE, JJ., concur.