**MID–CONTINENT LIFE INSURANCE COMPANY, Appellee,**

**v.**

**The CITY OF OKLAHOMA CITY, a municipal corporation, Appellant,**

**and**

**Peter B. Bradford, Georgann Bradford, Thomas S. Payzant, Ellen Payzant, Timothy Larason, Linda Larason, Hunter R. Kemmett, Jill M. Kemmett, Hoy M. Clark, Mary L. Clark, Michael J. Mudd, Linda A. Mudd, Jerreann Altschuler, Jeffrey Altschuler, Intervenors.**

**No. 56227.**

Supreme Court of Oklahoma.

May 28, 1985.

Walter M. Powell, J. Kelly Work, Oklahoma City, for appellant.

Peter B. Bradford, Clifford A. Jones, Bradford & Haswell, Oklahoma City, for intervenors.

William F. Collins, Jr., McClelland, Collins, Bailey, Bailey, & Manchester, Oklahoma City, for appellee.

DOOLIN, Vice Chief Justice.

In April, 1980, Mid-Continent Life Insurance Company ("Mid-Continent") filed an application to have certain property it owned rezoned by Oklahoma City ("City"). Mid-Continent requested the property to be upgraded from its then current classification of "HP" (Historical Preservation) and "A" (Single Family Dwelling) to "D–1" (Restricted Commercial District).

The property, located at 1420–1424 Classen Drive, consists of two vacant lots which Mid-Continent purchased in 1926. The lots have remained vacant since their purchase. If the rezoning application is granted, Mid-Continent initially plans to use the property as parking lots.

The subject property is enclosed on the north, west and east by the Heritage Hills Preservation District. The south and east borders of the property are the current Mid-Continent parking lot and building. The Heritage Hills Preservation District was exclusively residential at the time the rezoning application was filed.

The application was filed only after an illegal attempt by Mid-Continent to grade and excavate the property was halted by the City.

The rezoning application was initially denied 8–0 by the City's Planning Commission. A subsequent appeal to the City Council was rejected 8–1.

Denial of application was challenged in district court. At the conclusion of the trial, the district court ruled the City's refusal to rezone was "arbitrary, unreasonable and capricious." The district court found the use of the property as a parking lot would in "no way affect the health, safety or welfare of the inhabitants of the City...." Finally, the City was enjoined from enforcing the existing zoning classifications and the district court authorized Mid-Continent to utilize the property as a parking lot by granting the "minimum zoning change that would be sufficient to grant the existence of parking lot [sic] on the lots in question...."

This appeal was taken.

It was undisputed that Mid-Continent, as a party aggrieved by the City's rezoning decision, had a right to challenge that decision in the district court.[1]

Zoning is a legislative function[2] which is due the presumptive validity of any municipal ordinance.[3] Unless the zoning decisions of a municipality are found not to have a substantial relation to the public health, safety, morals or general welfare or to constitute an unreasonable, arbitrary exercise of police power, its judgments will not be overridden by the district court.[4] If the validity of the challenged

1. *Garrett v. City of Oklahoma City,* 594 P.2d 764 (Okl.1979); *Gregory v. Board of County Commissioners of Rogers County,* 514 P.2d 667 (Okl. 1973); *City of Sand Springs v. Colliver,* 434 P.2d 186 (Okl.1967); *Garrett v. Watson,* 342 P.2d 560 (Okl.1959).

2. *Garrett v. City of Oklahoma City,* 594 P.2d at 765; *McNair v. City of Oklahoma City,* 490 P.2d 1364 (Okl.1971); *Botchlett v. City of Bethany,* 416 P.2d 613, 614 (Okl.1966).

3. *Garrett v. City of Oklahoma City,* 594 P.2d at 766; *Botchlett v. City of Bethany,* 416 P.2d 617; *Weaver v. Bishop,* 174 Okl. 492, 52 P.2d 853 (1936).

4. *Garrett v. City of Oklahoma City,* 594 P.2d at 766; *Nucholls v. Bd. of Adjustment of City of Tulsa,* 560 P.2d 556 (Okl.1976); *Motor Lodges, Inc. v. Willingham,* 509 P.2d 901 (Okl.1972); *City of Sand Springs v. Culliver,* 434 P.2d at 190; *Botchlett v. City of Bethany,* 416 P.2d at 617; *City of Tulsa v. Nicholas,* 415 P.2d 917 (Okl. 1966).

zoning ordinance is "fairly debatable," the legislative judgment of the municipality must stand.[5]

In reviewing the judgment of the district court, this Court must look beyond the district court's conclusions and consider the basic, physical facts appearing in the record so as to ascertain whether the zoning decision is "fairly debatable."[6] The district court's independent conclusion as to whether there is a "fairly debatable" basis for the challenged zoning ordinance will be sustained unless it is against the clear weight of the evidence.[7]

Having examined the record, we find the district court's decision in this case is against the clear weight of the evidence and we reverse.

In purchasing the two lots, Mid-Continent did not obtain an unqualified right to use the property as it pleased. Mid-Continent's rights were at all times subject to reasonable restrictions imposed by the state's police powers so as to promote the public health, safety and welfare. The state's police powers are expansive enough to prohibit Mid-Continent's use of its property in a manner that may injure the rights of others in the use and enjoyment of their property.[8]

In creating the Heritage Hills Preservation District and zoning Mid-Continent's property for single-family dwellings, the City has attempted to create a stable residential haven free from commercial intrusion into a historic section of Oklahoma City.[9] However, the City's desire to preserve the residential character of the area and prevent commercial intrusion is not enough to sanction "a denial of rezoning if *all* the facts and circumstances would justify rezoning."[10]

While Mid-Continent's property is bordered by an existing commercial building and parking lot, these "physical facts" are not dispositive of the issue. Both sides in this dispute presented conflicting testimony on the "best" utilization of the property.[11] The existence of conflicting opinions, with the City's position supported by highly regarded planning experts, is one indication the zoning decision was "fairly debatable" and best left to the sound legislative discretion of the municipality.[12]

5. *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 388 (1926); *Garrett v. City of Oklahoma City,* 594 P.2d at 765–766; *Clary v. Oklahoma City,* 532 P.2d 1383 (Okl.1975); *McNair v. City of Oklahoma City,* 490 P.3d at 1367; *Hoffman v. City of Stillwater,* 461 P.2d 944 (Okl.1969).

6. *Village of Euclid v. Ambler Realty Co.,* 272 U.S. at 388; *Heisler v. Thomas* 651 P.2d 1330 (Okl. 1982); *Garrett v. City of Okla. City,* 594 P.2d at 766; *Clary v. Oklahoma City,* 532 P.2d at 1384, *McNair v. City of Oklahoma City,* 490 P.2d at 1367; *City of Tulsa v. Mobley,* 454 P.2d 901 (Okl.1969).

7. *Garrett v. City of Okla. City,* 594 P.2d at 766; *Bailey v. Uhls,* 503 P.2d 877 (Okl.1972); *Twist v. Kay,* 434 P.2d 180 (Okl.1967). *See also Whitcomb v. City of Woodward,* 616 P.2d 455 (Okl.Ct. App.1980).

8. *Blotchlett v. City of Bethany,* 416 P.2d at 616; *Beveridge v. Harper & Turner Oil Trust,* 168 Okl. 609; 35 P.2d 435 (1934). *See also Standard Oil Co. v. City of Tallahassee,* 183 F.2d 410 cert. denied 340 U.S. 892, 71 S.Ct. 208, 95 L.Ed. 647 (5th Cir.1950).

9. *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *Berman v. Parker,* 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954); *Motor Lodge, Inc. v. Willingham,* 509 P.2d at 903; *Galanes v. Town of Brattleboro,* 136 Vt. 235, 388 A.2d 406 (1978); *Duckworth v. City of Bonney Lake,* 91 Wash.2d 19, 586 P.2d 860 (1978).

10. *McAlester Urban Renewal Authority v. Lorince,* 499 P.2d 925 (Okl.1972) [emphasis added].

11. *Heisler v. Thomas,* 651 P.2d at 1331 ("A zoning classification is fairly debatable if reasonable men could differ as to whether it is reasonable."); *City of Oklahoma City v. Barclay,* 359 P.2d 237, 239 (Okl.1960). Cf. *City of Sand Springs v. Colliver,* 434 at 190 ("[Z]oning ordinances are presumptively valid and not to be set aside unless clearly shown to be wrong by uncontroverted evidence."). But Cf. *City of Tulsa v. Nicholas,* 415 P.2d at 923.

12. *Heisler v. Thomas,* 651 P.2d at 1331 (Okl. 1982); *Garrett v. City of Okla. City,* 594 P.2d at 766 (Okl.1979). ("In light of the conflicting evidence the legislative determination by the City ... is 'fairly debatable' and is not subject to disturbance by the courts."); *Preston v. City of Stillwater,* 428 P.2d 215 (Okl.1967).

The district court's reliance on the property's location near an existing parking lot as a "physical fact" to justify its decision that the denial of the zoning request was "arbitrary, unreasonable and capricious," is misplaced. This Court has long recognized that the "line established [by a zoning ordinance] is necessarily somewhat arbitrary, since a striking or marked difference cannot be expected to exist between property on one side of an established line and that on the other. The fact that in this respect an established line is somewhat arbitrary does not render a zoning ordinance invalid."[13]

If the mere proximity of residential property to commercial uses was enough to mandate rezoning, land reserved for residential purposes would be constantly endangered as outward boundaries fell through a continuing erosion process.[14]

The proximity of the subject property to an existing parking lot and commercial structure is counter-balanced by the City's desire to preserve the Heritage Hills neighborhood. If we allow the district court's "domino" theory of zoning to prevail, we run a significant risk of eroding our state's irreplaceable base of historic and cultural resources. Historic and aesthetic zoning are tools to achieve the permissible goal of preserving the integrity of a historic neighborhood.[15] The City's initial zoning designation of the subject property improved the quality of life for its residents. That decision was and continues to be, substantially related to the City's power to regulate on behalf of the general welfare of its residents.[16]

REVERSED.

13. *Bevridge v. Harper & Turner Oil Trust,* 168 Okl. at 609, 35 P.2d 435.

14. *Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 567 P.2d 1257 (1977).

15. *Penn Central Trans. Co. v. City of New York,* 438 U.S. 104, 107–108, 98 S.Ct. 2646, 2650, 2651, 57 L.Ed.2d 631 (1978); *New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).

16. See supra note 4. The substantial relationship test is fulfilled in two ways. The grant of the rezoning request would have a detrimental

SIMMS, C.J., and LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES, HARGRAVE and OPALA, JJ., dissent.

impact on the value of the surrounding residential property. *Botchlett v. City of Bethany,* 416 P.2d at 616. *See also Vasilopoulos v. Zoning Bd. of Appeals,* 34 Ill.App.3d 480, 340 N.E.2d 19 (1975). The zoning designation also preserves the integrity of the residential neighborhood, improving the quality of life for its residents. *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *Berman v. Parker,* 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954); *Motor Lodge, Inc. v. Willingham,* 509 P.2d at 903.