**GRIFFITH REALTY CO., a Delaware corporation, Appellee,**

v.

**The CITY OF OKLAHOMA CITY, Oklahoma, a municipal corporation, Appellant.**

**No. 64987.**

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 25, 1987.

Rehearing Denied Sept. 22, 1987.

---

3. St.1893, § 4290.

4. There was a lack of due process notice challenge in *Reliable Life Ins. Co. of St. Louis v. Cook, supra,* footnote 2.

Arnold Fagin & Elizabeth Scott, Fagin, Hewitt, Mathews & Fagin, Oklahoma City, for appellee.

Robert D. Allen, Municipal Counselor, Daniel T. Brummitt, Asst. Municipal Counselor, Oklahoma City, for appellant.

BAILEY, Judge:

This case comes on for review of the Trial Court's grant of a permanent injunction prohibiting Appellant City of Oklahoma City (Appellant or City) from enforcing certain zoning restrictions on property owned by Appellee Griffith Realty Co. (Appellee or Griffith). The subject property is the old Will Rogers Theater and is located in the Ellesmere–Douglas area at NW 43rd and Western in Oklahoma City. The theater has been in operation since the 1940's, showing first run cinema until the late 1970's, when increased competition forced closure. Since, the building has been used for "special" screenings of new and old movies, and other commercial ventures, which have on occasion attracted a boisterous and sometimes juvenile clientele. All such uses to which the property has been subject were within the commercial zoning restrictions imposed in the area; on Western, within a few blocks of the property are a club and restaurant serving liquor, liquor stores, and other various commercial enterprises. Also, within the zone is an older residential area, known as the Ellesmere–Douglas Neighborhood.

Appellee, having failed to find profitable, alternative other uses for the theater building, sought permission from the Oklahoma City Planning Board to convert the facility into a "restaurant" serving "sit-down" liquor, a use within the scope of the zoning restrictions imposed on the commercial corridor along Western, but which use requires permission of Appellant City. While the City planning board approved Appellee's plans, the City Council denied Appellee permission, and Appellee sought District Court review, alleging the denial of permission was arbitrary and capricious. After hearing testimony for three days, the Trial Court found that the denial of Appellee's request for permission to use the property as proposed was arbitrary and capricious, and that the issue was not fairly debatable, permanently enjoining City from enforcing its zoning restriction against the property.

From this decision, Appellant City seeks review. On appeal, City forwards the following propositions: (1) the zoning decision of the City Council is basically a legislative function for which the Trial Court may not substitute its judgment for that of the council if the issue is fairly debatable; (2) Appellee did not comply with the application conditions for the grant of a special permit and the conflicting evidence at trial

evinced that the decision was fairly debatable, thus precluding District Court disturbance; (3) the Trial Court's determination that the Appellee's proposed use was the highest and best use of the property does not entitle Appellee to the injunction; and (4) Appellee had proceeded in bad faith, and in equity should be denied relief.

Both parties to this appeal have correctly pointed out that zoning is predominantly a legislative matter and function of the municipality, and that the municipal zoning decision will not be disturbed if the validity of the municipal restriction is "fairly debatable." *Mid-Continent Life Ins. Co. v. City of Oklahoma City,* 701 P.2d 412, 413–414 (Okl.1985). However, the police powers of a municipality to restrict use of property within its boundaries are not unlimited:

> "... the exercise of the municipal power [to limit private rights in the interest of public welfare] must be carefully guarded and be permitted only when the conditions and circumstances as shown disclose a need for the proper exercise of the police power ... '[S]uch restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare.'" *City of Tulsa v. Swanson,* 366 P.2d 629, 633 (Okl.1961).

Thus, the municipality must act within the prescribed limits of its police powers in formulating and enforcing land use restrictions. "Unless the zoning decisions of a municipality are found not to have a substantial relation to the public health, safety, morals or general welfare or to constitute an unreasonable, arbitrary exercise of the police power, its judgments will not be overridden by the district court." *Mid–Continent Life Ins. Co., supra,* 701 P.2d 412, 413. On appeal, this court must examine the record below to determine the efficacy of the trial court's decision:

> "At issue is the correctness of the trial court's judgment.... The findings and conclusions of the trial court as to the unreasonableness of the municipal[ity] are not binding on this tribunal if the record discloses the matter is 'fairly debatable' and that there may be a difference of opinion on the subject. In determining the question so presented we must primarily look to and examine the record to ascertain from 'the basic physical facts' whether the findings made are consonant with or against the clear weight of the evidence. (Citations omitted.)" *City of Tulsa v. Swanson,* 366 P.2d 629, 631 (Okl.1961).

As Justice Davison set forth the rule of review:

> "The proceeding now under consideration is characterized as equitable in nature. In this situation we apply the appellate review rule generally applicable to cases of equitable cognizance, and have examined the record for the purpose of ascertaining from the basic physical facts whether the findings are 'against the clear weight of the evidence.' *City of Tulsa v. Swanson,* Okl., 366 P.2d 629, and *City of Tulsa v. Nicholas,* [Okl., 415 P.2d 917], *supra.* The findings appear to be in accord with the basic physical facts. It is our conclusion that the judgment is not against the clear weight of the evidence." *City of Tulsa v. Mobley,* 454 P.2d 901, 904 (Okl.1969).

"The district court's independent conclusion as to whether there is a fairly debatable basis for the ... [decision] will be sustained unless it is against the clear weight of the evidence." *Mid–Continent Life Ins. Co., supra,* 701 P.2d 412, 414.

In the case before us, we have likewise examined the record to determine if the Trial Court's finding that denial of Appellee's application under the physical facts was arbitrary and capricious is consonant with or against the clear weight of the evidence. *See, City of Tulsa v. Swanson, supra; Mid–Continent Life Ins. Co., supra,* 701 P.2d 412, 413, at footnote 4; *City of Tulsa v. Mobley, supra.* The physical facts of this case show that the commercial corridor along Western and north and south of the subject property has been subject to commercial development for some time, and at least one other restaurant with sit-down liquor sales is currently in operation. At least two liquor stores are

located within two blocks of the site. The parking area immediately behind the location, which abuts small portions of the residential neighborhood, is such that its location or use should not impose an undue burden, if any, on residential streets and traffic in the area. In short, the establishment of another restaurant and club in this vicinity is in keeping with the existing commercial development of the area. The municipal decision as to the use of property in question, therefore, had no significant bearing on the public health, safety, morals or general welfare. We therefore hold that the Trial Court's findings of the physical facts, and conclusions drawn therefrom, that the denial of Appellee's application was arbitrary and capricious, is not against the clear weight of the evidence, is substantially supported by the evidence at trial, and is not "fairly debatable."

Appellant City also alleges that Griffith did not comply with municipal regulations regarding applications for special use permits, and because of the conflicting evidence at trial, the issue was fairly debatable, precluding District Court intervention. This allegation is without merit. We have already held that the matter is not fairly debatable. The Trial Court made specific findings of fact which reflect the requisite showing of compliance with the Comprehensive Plan of development of the area, lack of adverse affect on neighboring properties, the minimalization of any hazard to the area by increased traffic from the establishment, access to a main thoroughfare, and lack of impact on public health and services. These conclusions, too, are not against the clear weight of the evidence, and hence, this proposition is of no assistance to City.

Appellant also argues that the Trial Court's finding that Appellee's plans constitute the highest and best use for an otherwise wasting asset does not entitle Appellee to injunctive relief. However, highest and best use is but one of several factors to be considered. *See, e.g., Garrett v. City of Oklahoma City,* 594 P.2d 764

(Okl.1979); *City of the Village v. McCown,* 446 P.2d 380 (Okl.1968); *Preston v. City of Stillwater,* 428 P.2d 215 (Okl.1967); *City of Tulsa v. Nichols,* 385 P.2d 816 (Okl. 1963); *Oklahoma City v. Barclay,* 359 P.2d 237 (Okl.1961); *City of Tulsa v. Swanson, supra; City of Tulsa v. Mobley, supra.* As this is but one of the facts which the Trial Court found in support of its decision, this proposition is without merit.

■ Appellant lastly argues that Appellee Griffith is guilty of "bad faith" thus precluding equitable relief. Appellant bases this argument on certain statements contained in correspondence from Appellee to home owners in the area seeking support for the proposed improvements. However, and after reviewing the questioned letters, it is our opinion that Appellee's references to past occurrences in the area and other potential uses to which the property might be subject constitutes nothing more than Appellee's argument in support of its proposed plans and the potential benefits to the neighborhood flowing therefrom. It also appears that Appellee has, at all times, attempted to be sensitive to the needs, wants and desires of the City and inhabitants of the surrounding area. We consequently find no bad faith so as to warrant denial of Appellee's relief.

The order of the Trial Court enjoining Appellant from prohibiting or interfering with Appellee's use of the subject property in the manner proposed in Appellee's application for special permit is therefore AFFIRMED.

HANSEN, P.J., and HUNTER, J., concur.