**John Clark CALDWELL, III, Appellant,**

v.

**CITY OF NORMAN, Oklahoma, A Municipal Corporation, Appellee.**

**No. 65366.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 17, 1987.

Rehearing Denied Dec. 16, 1987.

Fielding Haas, Norman, for appellant.

H. Lee Schmidt, City Atty., and Charles C. Dunn, Asst. City Atty., Norman, for appellee.

BAILEY, Judge:

This case comes on for review of the trial court's denial of Appellant's petition for injunctive relief. John Clark Caldwell, III, (Appellant) sought rezoning of a certain four (4) acre tract in Norman, Oklahoma, from local commercial to general commercial zoning, for the purpose of constructing a multi-story hotel and restaurant with a club. The subject property adjoins a multi-family residential neighborhood and University of Oklahoma property, and is situated at the intersection of Imhoff Road and Chautauqua Avenue, two-lane streets, which are major arterials in and out of the University of Oklahoma campus from the south. Because of the property's location, evidence of the Norman Comprehensive Development Plan and testimony of the City Planner showed that this property is subject to special protection and requirements for development.

Caldwell presented his rezoning request to the City Planning Commission, which unanimously rejected his application. The City Council also rejected the request. Appellant sought district court intervention and injunctive relief to prevent the City from interfering with his proposed development of the tract. The district court found the zoning requirements to bear a reasonable relationship to the public health, peace and safety, and denied Appellant his requested injunction.

On appeal, Appellant asserts that the denial of his rezoning request by the City, was arbitrary and capricious, and that the zoning issue was not fairly debatable. We disagree. As Justice Doolin pointed out not long ago:

> Zoning is a legislative function which is due the presumptive validity of any municipal ordinance. Unless the zoning decisions of a municipality are found not to have a substantial relation to the public health, safety, morals or general welfare or to constitute an unreasonable, arbitrary exercise of police power, its judgments will not be overridden by the district court. If the validity of the challenged zoning ordinance is "fairly debat-

able," the legislative judgment of the municipality must stand.

In reviewing the judgment of the district court, this Court must look beyond the district court's conclusions and consider the basic, physical facts appearing in the record so as to ascertain whether the zoning decision is "fairly debatable." The district court's independent conclusion as to whether there is a "fairly debatable" basis for the challenged zoning ordinance will be sustained unless it is against the clear weight of the evidence. *Mid–Continent Life Ins. Co. v. City of Oklahoma City,* 701 P.2d 412, 413–414 (Okl.1985).

Under this most recent pronouncement of Oklahoma law and the standards of review therein set forth, we have likewise examined the evidence of the underlying physical facts to determine whether the zoning decision was "fairly debatable", or arbitrary and capricious. *Id.* We find that the trial court's determination that the physical facts did not warrant a change of zoning was not against the clear weight of the evidence, as the zoning ordinance controlling the subject property had been in effect for twenty years, and the character of the surrounding property had not changed significantly during that period. The issue was thus "fairly debatable", and the Appellee's denial was not arbitrary and capricious. The trial court's finding that the zoning decision was reasonable and was not against the clear weight of the evidence, and denial of Appellant's prayer for injunctive relief was not error.

We accordingly AFFIRM.

HANSEN, P.J., and HUNTER, J., concur.