**Raymond S. MACKEY and Sharon L. Mackey, husband and wife, Appellants,**

v.

**The CITY OF OKLAHOMA CITY, a Municipal Corporation, Appellee.**

**No. 78836.**

Court of Appeals of Oklahoma, Division No. 3.

Jan. 12, 1993.

Rehearing Denied March 9, 1993.

Michael Paul Rogalin, Oklahoma City, for appellants.

James G. Hamill and Kenneth D. Jordan, Oklahoma City, for appellee.

## OPINION

HANSEN, Vice–Chief Judge:

The Red Dog Saloon is located on Appellants' property. The property is presently zoned "I–2" Moderate Industrial District. The property for many years has been used as a beer tavern and strip shopping center. After a fire, Appellants wished to rebuild and expand the property to include the sale of alcoholic beverages by the Red Dog Saloon. As a result, they filed an application with the City of Oklahoma City to have the property zoned "ABC–3", Alcoholic Beverage Consumption overlay, so as to allow the on-site sale and consumption of alcoholic beverages.

The Planning Commission recommended approval of the rezoning. However, the City Council of the City of Oklahoma City, (City), denied the application. Appellants filed the present action in District court alleging City, by denying the zoning change, had denied them the reasonable use of their property, and that such denial was arbitrary, unreasonable and capricious. They sought a declaratory judgment and an injunction requiring City to rezone in their favor. The trial court denied their request. They appeal and we affirm.

■ Zoning is predominantly a legislative function of a municipality. Thus, City's zoning decision will not be disturbed if the validity of the municipal restriction is fairly debatable. *Griffith Realty v. Oklahoma City*, 744 P.2d 227 (Okla.App.1987). In this case the adjacent properties are zoned General Residential District, Single Family Residential, and Community Commercial District, (light auto repair). Other nearby neighborhoods are residential. Refusal to rezone as requested in no way interferes with the present use of the Red Dog Saloon as a beer tavern. The senior planner for City testified the Red Dog was already a permitted non-conforming use under the existing zoning ordinances. As such it may not be expanded or enlarged, but may continue in its current use unless such use ceases for six months or longer.

In that situation the non-conforming status would be lost.

The Oklahoma Legislator representing the neighborhood who also lives there testified the neighborhood had deteriorated in the past years and that the Red Dog Saloon had been a primary contributing factor to the deterioration. Rather than expanding the Red Dog, he preferred that it be phased out altogether. Other residents of the area testified to the same effect.

■ The "fairly debatable" rule initially was recognized in *Village of Euclid, Ohio v. Ambler Realty Company*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). Therein the United States Supreme Court stated: "If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control." Oklahoma adopted this standard in *In re Dawson*, 136 Okla. 113, 277 P. 226 (1928). The Oklahoma Supreme Court said that if the question of whether or not the ordinance was unreasonable, arbitrary, or an exercise of unequal power was fairly debatable, the ordinance must be allowed to stand. This rule has been continuously followed in this state. In *Mid–Continent Life Insurance Company v. City of Oklahoma City*, 701 P.2d 412 (Okla.1985), the Oklahoma Supreme Court stated: "Zoning is a legislative function which is due the presumptive validity of any municipal ordinance. Unless the zoning decisions of a municipality are found not to have a substantial relationship to the public health, safety, morals or general welfare or to constitute an unreasonable, arbitrary exercise of police power, its judgments will not be overridden by the district court." The validity of zoning ordinance is not determined by the highest and best use concept. *See, Garrett v. City of Oklahoma City*, 594 P.2d 764 (Okla.1979). Every presumption is indulged in favor of the validity of the ordinance.

■ All the evidence presented supports the trial court's decision to deny the rezoning. It is clear that not permitting an establishment such as the Red Dog Saloon

to sell alcoholic beverage in the present complexion of the neighborhood, is not arbitrary and capricious. Denial of ABC–3 zoning bears a substantial relationship to promoting or protecting the public health, safety and welfare of the community. Granting or denying the change of zoning is "clearly debatable". Accordingly the trial court is AFFIRMED.

BAILEY, P.J., and HUNTER, J., concur.