2009 OK 19

MUSGROVE MILL, LLC, a limited liability company, Plaintiff/Appellant,

v.

CAPITOL–MEDICAL CENTER IMPROVEMENT & ZONING COMMISSION, Dave Brown, Casey Davis, Tiana Douglas, John Dugan, Jacque Williams Finley, Thomas Godkins, Anita Hood, John Johnson, Odette Lemay, Denise Martin, Wayne Reid And Dawn Sullivan, Defendants/Appellees,

and

Royce Hudson, Intervenor/Appellee.

No. 104,374.

Supreme Court of Oklahoma.

March 12, 2009.

Rehearing Denied April 28, 2009.

Nancy A. Zerr and Garvin A. Isaacs of Garvin A. Isaacs, Inc., Oklahoma City, OK, for Plaintiff/Appellant.

Scott D. Boughton, Assistant Attorney General, Oklahoma Attorney General, Oklahoma City, OK, for Defendants/Appellees.

Ronald R. Hudson, Oklahoma City, OK, for Royce Hudson/Intervenor.

PER CURIAM.

¶ 1 This Court granted certiorari to review a challenge by Musgrove Mill, LLC to the validity of the comprehensive plan and zoning regulations promulgated by the Oklahoma Capitol–Medical Center Improvement and Zoning Commission. The validity of the comprehensive plan and zoning regulations presents a public law question, because it concerns use of delegated Legislative power for "the orderly development of the district surrounding the State Capitol and the Medical Center of the University of Oklahoma under direct supervision of the State itself." 73 O.S.2001 § 82.1. In cases involving public law issues, this Court is free to grant corrective relief upon any applicable legal theory tendered by the record brought for review. *Russell v. Board of County Commissioners, Carter County,* 1997 OK 80, ¶ 10, 952 P.2d 492, 497. The scope of review extends to matters raised at oral argument.

¶ 2 In oral argument before the Court, Musgrove Mill contended that the Legislature's authorization for the Commission to establish a plan and zoning regulations that have the force of law is an unconstitutional delegation of Legislative power to an entity whose members are all appointed. In re- sponse, the Intervenor pointed out that there are numerous appointed boards, agencies, and commissions in State Government that have promulgated valid rules and regulations. To resolve this controversy, this Court must necessarily examine the statutes governing the Oklahoma Capitol–Medical Center Improvement and Zoning Commission and any other statutes that affect the Commission's lawmaking power.

¶ 3 The Statutes creating and governing the Commission are set forth at 73 O.S.2001 and Supp.2007 §§ 82.1 through 92. Review of these statutes reveals that the Legislature did not expressly require that the plan and zoning regulations of the Commission be approved by the Legislature. Such silence in the Act, however, does not mean Legislative approval is not required nor preclude the operation of other general legislative policy regarding law-making by agencies of the State.

¶ 4 In § 250.2 of the Administrative Procedures Act, 75 O.S.2001 and Supp.2002 §§ 250 through 323, the Legislature explained its delegation of law-making power to State agencies. The Legislature said such delegation was intended "to facilitate administration of legislative policy" and "to eliminate the necessity of establishing every administrative aspect of general public policy by legislation."

¶ 5 The Legislature also indicated that Article I of the Administrative Procedures Act governed the law-making authority that was delegated by the Legislature to state agencies. The Legislature declared that *all agencies,* with certain exceptions, *shall comply with the provisions of Article I* of the Administrative Procedures Act. 75 O.S.2001 § 250.1.[1] Any statutorily created commission is an agency subject to Article I, unless

---

1. Title 75 O.S.2001 § 250.1 provides:

A. The Administrative Procedures Act shall be composed of two Articles. Sections 250, 250.1, 250.3, 250.4, 250.5, and 250.8 of this title are applicable to both Articles I and II. Article I relating to agency filing and publication requirements for rules shall consist of Sections 250.2, 250.6, 250.7 and 250.9 through 308.2 of this title and Section 5 of this act. Article II relating to agency notice and hearing requirements for individual proceedings shall consist of Sections 308a through 323 of this title.

B. Except as otherwise specifically provided in Section 250.4 of this title, all agencies shall comply with the provisions of Article I and Article II of the Administrative Procedures Act.

excepted by 75 Supp.2002 § 250.4[2] or 75 O.S.2001 § 250.5.[3]

¶ 6 The Oklahoma Capitol–Medical Center Improvement and Zoning Commission is a statutorily created commission and is not specifically excepted by name under § 250.4. It is also not "a specialized agency created by the Legislature to perform essentially local functions" that is excepted under § 250.5. The zoning performed by the Oklahoma Cap-itol–Medical Center Improvement and Zoning Commission is *not* essentially a local function, because the Legislature expressly stated its purpose was "to provide a comprehensive plan for the orderly development of the district surrounding the State Capitol and the Medical Center of the University of Oklahoma *under direct supervision of the State itself,* rather than by its governmental subdivisions." 73 O.S.2001 § 82.1 (emphasis

**2.** Title O.S. Supp.2002 § 250.4(A) provides in pertinent part:

1. Except as is otherwise specifically provided in this subsection, each agency is required to comply with Article I of the Administrative Procedures Act.
2. The Corporation Commission shall be required to comply with the provisions of Article I of the Administrative Procedures Act except for subsections A, B, C and E of Section 303 of this title and Section 306 of this title. To the extent of any conflict or inconsistency with Article I of the Administrative Procedures Act, pursuant to Section 35 of Article IX of the Oklahoma Constitution, it is expressly declared that Article I of the Administrative Procedures Act is an amendment to and alteration of Sections 18 through 34 of Article IX of the Oklahoma Constitution.
3. The Oklahoma Military Department shall be exempt from the provisions of Article I of the Administrative Procedures Act to the extent it exercises its responsibility for military affairs.
4. The Oklahoma Ordnance Works Authority, the Northeast Oklahoma Public Facilities Authority and the Board of Trustees of the Oklahoma College Savings Plan shall be exempt from Article I of the Administrative Procedures Act.
5. The Oklahoma Transportation Commission and the Oklahoma Department of Transportation shall be exempt from Article I of the Administrative Procedures Act to the extent they exercise their authority in adopting standard specifications, special provisions, plans, design standards, testing procedures, federally imposed requirements and generally recognized standards, project planning and programming, and the operation and control of the State Highway System.
6. The Oklahoma State Regents for Higher Education shall be exempt from Article I of the Administrative Procedures Act with respect to:
a. prescribing standards of higher education,
b. prescribing functions and courses of study in each institution to conform to the standards,
c. granting of degrees and other forms of academic recognition for completion of the prescribed courses,
d. allocation of state-appropriated funds, and
e. fees within the limits prescribed by the Legislature.
7. Institutional governing boards within The Oklahoma State System of Higher Education shall be exempt from Article I of the Administrative Procedures Act.

8. a. The Commissioner of Public Safety shall be exempt from Sections 303.1, 303.2, 304, 307.1, 308 and 308.1 of this title insofar as it is necessary to promulgate rules pursuant to the Oklahoma Motor Carrier Safety and Hazardous Materials Transportation Act, to maintain a current incorporation of federal motor carrier safety and hazardous material regulations for which the Commissioner has no discretion when the state is mandated to promulgate rules identical to federal rules and regulations.
b. Such rules may be adopted by the Commissioner and shall be deemed promulgated twenty (20) days after notice of adoption is published in "The Oklahoma Register". Such publication need not set forth the full text of the rule but may incorporate the federal rules and regulations by reference.
c. Such copies of promulgated rules shall be filed with the Secretary as required by Section 251 of this title.
d. For any rules for which the Commissioner has discretion to allow variances, tolerances or modifications from the federal rules and regulations, the Commissioner shall fully comply with Article I of the Administrative Procedures Act.
9. The Council on Judicial Complaints shall be exempt from Section 306 of Article I of the Administrative Procedures Act, with respect to review of the validity or applicability of a rule by an action for declaratory judgment, or any other relief based upon the validity or applicability of a rule, in the district court or by an appellate court. A party aggrieved by the validity or applicability of a rule made by the Council on Judicial Complaints may petition the Court on the Judiciary to review the rules and issue opinions based upon them.

**3.** Title 75 O.S.2001 § 250.5 provides:

This act shall not apply to municipalities, counties, school districts, and other agencies of local government; nor to specialized agencies, authorities, and entities created by the legislature, performing essentially local functions, such as, but not limited to, Urban Renewal Authorities, Port Authorities, City and City–County Planning Commissions, Conservancy and other Districts, and public trusts having a municipality or county, or agency thereof, as beneficiary; but this act shall apply to public trusts having the state, or any department or agency thereof, as beneficiary.

added).[4] That is, zoning of the Capitol–Medical Center Improvement and Zoning District represents the will of the people of the State of Oklahoma and not merely local policy.[5]

¶ 7 Article I governs "rulemaking" and "rules" by state agencies pursuant to their delegated power. "Rulemaking" is defined as "the process employed by an agency for the formulation of a rule." 75 O.S.2001 § 250.3(16). "Rule" is defined to included "any agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy." 75 O.S.2001 § 250.3(15). In making and adopting an official master comprehensive plan and implementing regulations, including zoning regulations, as provided in 73 O.S.2001 §§ 83.3 and 83.5, the Commission is engaged in "rulemaking" and the plan and regulations are "rules" governed by Article I of the Administrative Procedures Act.

¶ 8 Article I of the Administrative Procedures Act further specifies the requirements that an agency must comply with in order for its "rules" to become effective and valid. For purposes of deciding whether an unconstitutional delegation has occurred and whether the plan and zoning regulations are valid, it is not necessary to identify and discuss every requirement for validity, or to reconcile the special notice and hearing procedures in the Capitol–Medical Center Improvement and Zoning Act with the Administrative Procedures Act. In deciding whether an unlawful delegation occurred and whether the plan and zoning regulations are valid, we will focus on the Legislature's role in the rulemaking process.

4. Title 73 O.S.2001 § 82.1 provides:

It is the purpose of Sections 82.1 through 83.11 of this title to provide a comprehensive plan for the orderly development of the district surrounding the State Capitol and the Medical Center of the University of Oklahoma under direct supervision of the state itself, rather than by its governmental subdivisions; to promote the general welfare of the state in respect of the State Capitol, other state properties and the Medical Center of the University of Oklahoma, and the surrounding area; and to promote the general welfare of the several property owners of the area hereinafter described.

¶ 9 Within ten days after the adoption of a permanent rule, the agency is required to file two copies of new rules with the Governor, the Speaker of the House of Representatives and President Pro Tempore of the Senate. 75 O.S.2001 § 303.1(A). These new rules are to be accompanied by a report that summarizes the agency's compliance with the Administrative Procedures Act. 75 O.S.2001 § 303.1(E).

¶ 10 Thereafter, the Governor has forty-five calendar days from receipt of the rule to approve or disapprove the rule and, if disapproved by the Governor, a rule cannot become effective unless otherwise approved by the Legislature. 75 O.S.2001 § 303.2. The Speaker of the House of Representatives and President Pro Tempore of the Senate assign such rules to the appropriate committees of each house for review to be complete in thirty days. 75 O.S.2001 § 308. The Legislature has expressly reserved the right to approve, delay, suspend, veto or amend any proposed rule while under Legislative review. 75 O.S.2001 § 250.2(B)(4). With certain exceptions not relevant here, "no agency shall promulgate *any* rules unless reviewed by the Legislature pursuant to [§ 308]." 75 O.S. 2001 § 308(G)[6]. Legislative review is clearly a substantive requirement for validity and not just a procedural requirement.

■ ¶ 11 Given the Legislative oversight and approval of agency law-making provided for in the Administrative Procedures Act, this Court must conclude that agency law-making undertaken in compliance with Article I of the Administrative Procedures Act is not an unconstitutional delegation of Legislative power. Deciding that a state agency, like the Capitol–Medical Center Improve-

5. *Garrett v. City of Oklahoma City*, 1979 OK 60, ¶ 4, 594 P.2d 764, 765, states that zoning is "a legislative function" and in the case of the Capitol Medical Center Improvement and Zoning District, it is a state legislative function.

6. Title 75 O.S.2001 § 308(G) provides:

Except as otherwise provided by Sections 253, 250.4 and 250.6 of this title or as otherwise specifically provided by the Legislature, no agency shall promulgate any rule unless reviewed by the Legislature pursuant to this section. An agency may promulgate an emergency rule only pursuant to Section 253 of this title.

ment and Zoning Commission, may constitutionally engage in law-making does not answer the question of whether the Capitol–Medical Center Improvement and Zoning Commission exercised its delegated power in compliance with the Administrative Procedures Act. Stated another way, the validity of the Commission's plan and zoning regulations depends upon the Commission's compliance with Article I of the Administrative Procedures Act, particularly review and approval by the Legislature.

¶ 12 "The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the county of the residence of the person seeking relief ... if it is alleged the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." 75 O.S.2001 § 306(A). This is the substance of Musgrove Mill's complaint in the declaratory judgment action below.

¶ 13 The record before this Court is silent on the issue of whether the Capitol–Medical Center Improvement and Zoning Commission has submitted its comprehensive plan and zoning regulations for Legislative review and approval. Therefore, this Court must remand this case to the district court to make that determination. If the district court determines that the plan and zoning regulations were not heretofore submitted to the Legislature for review and approval, Musgrove Mill would be entitled to declaratory relief, because "[n]o agency rule is valid or effective against any person or party, or may be invoked by the agency for any purpose, until it has been promulgated as required in the Administrative Procedures Act." 75 O.S. 2001 § 308.2(A). Conversely, if the district court determines that the plan and zoning regulations were heretofore submitted to the Legislature for review and approval, then the Commission would be entitled to declaratory judgment in its favor on the issue of the validity of the plan and zoning regulations. The Commission would be entitled to such relief, because want of Legislative approval is the only *substantive* requirement at issue. Relief for any non-compliance with *procedur-*al requirements would be barred under 75 O.S.2001 § 308.2(B).

¶ 14 In conclusion, this Court holds that the Oklahoma Capitol–Medical Center Improvement and Zoning Commission is a state agency subject to the Administrative Procedures Act. This Court further holds that the Commission's adoption of a comprehensive plan and zoning regulations must comply with the rule and rulemaking requirements of the Administrative Procedures Act to be valid, including submission of the plan and zoning regulations to the Governor and Legislature for review and approval. Any provision in the plan or zoning regulation promulgated without compliance with the Administrative Procedures Act is invalid based on such non-compliance, and not because of an unconstitutional delegation of Legislative power to an appointive body. The record before this Court does not permit this Court to determine whether the comprehensive plan and zoning regulations were promulgated by the Commission in compliance with the Administrative Procedures Act. Accordingly, this case is remanded to the trial court for further proceedings to make that determination. If the trial court determines there was non-compliance with the requirements previously discussed in this opinion, Musgrove Mill is entitled to judgment declaring the plan and zoning regulations invalid. If the trial court determines there was compliance with the requirements, the Commission is entitled to judgment declaring the plan and zoning regulations valid.

**OPINION OF THE COURT OF CIVIL APPEALS VACATED; REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

¶ 15 ALL JUSTICES CONCUR; REIF, ACTING C.J., AND BUBENIK, BURRIS, LINDLEY, MICHAEL, PETERSON, STILWELL, TAYLOR, WOODSON, S.JJ.